## McDOWELL CONSTRUCTION SUPPLY CORP., APPEL-LANT, v. THOMAS MARK WILLIAMS, RESPONDENT.

No. 7096

February 6, 1974                    518 P.2d 604

*Austin, Thorndal & Liles,* of Las Vegas, for Appellant.

*Wiener, Goldwater & Galatz, Ltd., Harland C. Hubbard,* and *J. Charles Thompson,* of Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Thomas Mark Williams, the plaintiff-respondent, commenced this action in the district court to recover damages

from the appellant-defendant, McDowell Construction Supply Corp., for injuries Williams received when he was struck by a large stack of plywood that fell from the rafters of a partially constructed church. The plywood had been delivered to the job site by a McDowell employee, Michael Foard, who unloaded the plywood through the use of a forklift. Pursuant to instructions given by the superintendent of the general contractor, Tobler and Oliver Construction Company, Foard placed the plywood on a special support in the rafters of the church. Williams claimed that Foard's negligence in stacking the plywood in the rafters caused the lumber to fall 3 days later, which resulted in the injuries Williams sustained while working on the job.

The case was tried to a jury, which returned a verdict in favor of Williams and against McDowell for the sum of $372,-000. McDowell filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial; the trial judge denied the motion. McDowell has appealed from the verdict and the order denying its motion, specifying several assignments of error, which we reject as meritless. We affirm the judgment below.

McDowell's principal complaint on appeal is that the trial judge committed reversible error in instructing the jury. Appellant's defense to the action was based on the theory that Foard, when he acted under the instructions of Tobler and Oliver's general superintendent in stacking the plywood in the rafters of the church, became a "special employee" of Tobler and Oliver and that he was then "in the same employ" as Williams; that, as such, Williams was precluded from recovery under the common law tort action against McDowell and, rather, was limited to compensation under the Industrial Insurance Act. See NRS 616.370[1] and NRS 616.560.[2] The rejected instructions described, in general, a general employee, a special employee, an independent contractor, and a subcontractor, and their relationship for industrial compensation purposes.

McDowell's contention that Foard was a special employee of

[1]NRS 616.370, in relevant part:

"1. The rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive, except as otherwise provided in this chapter, of all other rights and remedies of the employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury.

[2]NRS 616.560, in relevant part:

"1. When an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter

Tobler and Oliver is predicated on the "loaned servant" doctrine. The courts have applied two tests in deciding the question of the "loaned servant": (1) the "control test", which emphasizes who has the right to control the borrowed employee and equipment used in performing the service; and (2) the "whose business test", which stresses who receives the benefits from the service, as well as whether the service was within the normal scope of either employment. See Landis v. McGowan, 165 P.2d 180, 184 (Colo. 1946).

In Landis, the court ruled that the preferred line of authorities was the "control test". The court said, 165 P.2d at 185:

"We believe that the better line of authorities, based upon our general concept of employer-employee relation, stems from the opinion of the New York Court of Appeals in the decision written by the late Mr. Justice Cardozo, then a judge of that court and subsequently an associate justice of the United States Supreme Court, in Charles v. Barrett, 233 N.Y. 127, 135 N.E. 199 [N.Y. 1922], based, as we understand, largely on the 'control' rule. . . .

" '. . . The rule now is that, as long as the employee is furthering the business of his general employer by the service rendered to another, there will be no inference of a new relation unless command has been surrendered, and no inference of its surrender from the mere fact of its division. . . .' "

We turn to examine the record in the instant case. The record shows that Foard's duties as a deliveryman for McDowell are undisputed. He was obligated to deliver plywood to the construction site of Tobler and Oliver. For this delivery service, Tobler and Oliver paid an additional $2 per thousand square feet of lumber delivered. The delivery included placing the plywood at various places at the construction site, which areas were indicated to the deliveryman, Foard, by the job superintendent. This is the total amount of control that Tobler and Oliver had over the activities of Foard. In contrast, McDowell had the sole right to hire and fire Foard, pay him, fix his hours of work, tell him where to work, and control his operation of the forklift in the loading and unloading of the plywood. We agree with Respondent Williams that Foard was

and which injury was caused under circumstances creating a legal liability in some person, *other than the employer or a person in the same employ,* to pay damages in respect thereof:

"(a) The injured employee, or in case of death, his dependents, may take proceedings against that person to recover damages, . . ." (Emphasis added.)

merely a deliveryman for McDowell and that placing the plywood at the various locations on the job as directed by the superintendent did not make Foard a special employee of Tobler and Oliver. Standard Oil Co. v. Anderson, 212 U.S. 215 (1908).

As the Colorado Supreme Court stated in Landis, *supra,* 165 P.2d at 188:

"Ordinarily the Landises [plaintiffs] would be entitled to have a jury to determine the question as to whether Zook [the negligent employee] was their employee, or the employee of the Pikes Peak Company [a 'loaned servant']; however, as we read the record there is no disputed fact bearing upon this question. Under these circumstances, the determination of the issue was for the court, and consequently the Landises were not entitled to have it submitted to the jury."

Likewise, we hold that, when the facts bearing upon the question of the "loaned servant doctrine" are undisputed, as in the instant case, the determination of the issue is for the court and that the trial judge properly ruled as a matter of law that Foard was not the "loaned servant" of Tobler and Oliver. Landis v. McGowan, *supra;* Rocky Mountain Trucking Co. v. Taylor, 335 P.2d 448, 456 (Wyo. 1959). Therefore, the trial judge did not err in refusing to give the instructions requested by McDowell on the "loaned servant" issue.

The remaining assignments of error concern matters to which objection was not made at trial and which, if error at all, cannot reasonably be deemed to have affected substantial rights. See NRCP 61.

We affirm the verdict below and the order of the district court denying McDowell's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.