JAMES WILLIAM ALSUP, APPELLANT, *v.* E. T. LEGG & CO., A NEVADA CORPORATION; E. T. LEGG & CO., A CALIFORNIA CORPORATION, RESPONDENTS.

No. 9219

June 7, 1978                                              579 P.2d 769

*Galatz, Earl & Biggar,* Las Vegas, for Appellant.

*Cromer, Barker & Michaelson,* and *Corby D. Arnold,* Las Vegas, for Respondents.

**OPINION**

*Per Curiam:*

While working for Young Electric Sign Co., James Alsup was injured falling from a billboard owned by E. T. Legg & Co. Young had contracted with the Sahara Hotel, Legg's lessee, to change advertising copy on the sign. Following the accident, as Young's employee, Alsup first received benefits under the Nevada Industrial Insurance Act (NRS Chapter 616), and later sued Legg, alleging that negligent routine maintenance had caused the accident. On Legg's motion, the district court granted summary judgment, implicitly finding Legg an "employer" within the meaning of the NIIA, and therefore insulated from common law liability for negligence. Alsup contends this was error, because Young was working on the sign solely at the direction of the Sahara Hotel. We determine that the district court erroneously entered summary judgment, because a material issue of fact remains for resolution: Did Legg exercise sufficient control to be deemed an employer under the NIIA?

This court recently delineated the test to be used in determining whether an owner will be deemed an employer for purposes of the NIIA, and therefore protected from common law liability. In Antonini v. Hanna Industries, 94 Nev. 12, 15, 573 P.2d 1184, 1186 (1978), we held:

> In characterizing the relationship between an owner-contractee and a worker engaged in a particular project with respect to that owner's property, we have placed primary emphasis upon the amount of "control" exercised by the contractee over the worker. Under the general term "control", several factors have been accorded substantially equal weight in determining the existence of an employment relationship. These include the degree of supervision exercised over the details of the work, the source of the worker's wages, the existence of a right to hire and fire the worker, and the extent to which the worker's activities further the general business concerns of the alleged employer.

Appellant has alleged that he was employed by Young, whose work was controlled solely by the Sahara Hotel. He therefore asserts Legg exercised no control over details of his

work, and as a mere owner-lessor of property, could not be insulated from possible common law liability by the NIIA. Prior Nevada authority supports his contention. In Simon Service v. Mitchell, 73 Nev. 9, 15, 307 P.2d 110, 113 (1957), we held: "The owner may indeed be said to be the person who 'has the work done' but, under the Nevada act, . . . the liabilities and exemptions were intended to attach to employers of labor and not simply to owners of property as such." *Cf.* Weaver v. Shell Oil Co., 91 Nev. 324, 535 P.2d 787 (1975) (owner of property may be an "employer" where he retains control over project); Stolte, Inc. v. District Court, 89 Nev. 257, 510 P.2d 870 (1973) (owner an "employer" who partially controlled project details); Titanium Metals v. District Court, 76 Nev. 72, 349 P.2d 444 (1960) (principal employer and owner protected by NIIA).[1]

Legg, as movant for summary judgment, had the burden to prove a defense under the NIIA to common law liability. *Weaver,* cited above; *see also* Daugherty v. Wabash Life Insurance Co., 87 Nev. 32, 482 P.2d 814 (1971). The record does not demonstrate Legg's control over the details of Alsup's work. The judgment of the district court is therefore reversed, and the cause is remanded.[2]

---

[1] Apparently, the district court mistakenly relied on Frith v. Harrah South Shore Corp., 92 Nev. 447, 552 P.2d 337 (1976), as the basis for granting summary judgment. In *Frith,* the property owner, Harrah, contracted with a construction company to build a hotel. The construction company in turn employed Frith, who was injured when he fell from scaffolding. Frith apparently collected under the NIIA pursuant to Harrah's coverage. We note, however, the issue of Harrah's control was not raised on appeal (apparently the parties were satisfied that Harrah was an employer under the NIIA). Instead, Frith tried to recover additional damages under the Occupational Safety and Health Act (NRS Chapter 618), and common law negligence. This court simply held such damages under the O.S.H.A. and common law were precluded by the NIIA. Therefore, *Frith* did not deal with an owner-lessor's insulation from liability under the NIIA, and was improperly relied on by the district court in granting summary judgment.

[2] Respondent alternatively contends that if it lacked necessary control to be an employer under the NIIA, then summary judgment was proper because there would be no basis for maintaining a common law action against it. We disagree. As was stated in *Weaver,* 91 Nev. at 328, 535 P.2d at 790: "Whether any theory of liability will prove applicable, upon a trial, we cannot discern from the record before us. However, in the absence of a clearly established NIIA defense, we cannot justify summary judgment on the assumption that trial will show nothing to create a jury question on a legal theory consistent with the pleadings."