NICHOLAS ORTOLANO, Appellant, *v.* LAS VEGAS CONVENTION SERVICE, a Nevada Corporation; M. & R. INVESTMENT CO., INC., a Nevada Corporation dba DUNES HOTEL, Respondents.

No. 10231

March 28, 1980

608 P.2d 1103

*Galatz, Earl & Biggar,* Las Vegas, for Appellant.

*Cromer, Barker & Michaelson,* and *Gerald I. Gillock,* Las Vegas, for Respondent Las Vegas Convention Service.

*Rose, Edwards, Hunt & Pearson, Ltd.,* Las Vegas, for Respondent M. & R. Investment Co., Inc. dba Dunes Hotel.

## OPINION

*Per Curiam:*

Appellant collected workman's compensation benefits from

his immediate employer, Consolidated Freightways, under applicable provisions of our statutes. Appellant also sued respondents to recover damages for personal injuries. The court below granted summary judgment to respondents, concluding that each was immunized from tort liability by provisions of NRS Chapter 616.[1] This appeal follows.

Appellant's complaint alleged that respondent M. & R. Investment Co., Inc., dba Dunes Hotel (hotel), at the request of respondent Las Vegas Convention Service (LVCS), employed Consolidated Freightways to remove exhibits and equipment, dismantled by LVCS, from the hotel. Viewing the record favorably to the appellant, and according appellant the benefit of all favorable inferences, Lipshie v. Tracy Investment Co., 93 Nev. 370, 566 P.2d 819 (1977), Dr. Pepper held a trade show at the Dunes Hotel. The exhibitor arranged with LVCS to dismantle and remove exhibits and equipment from the hotel. An employee of LVCS arranged with Consolidated Freightways to provide a truck, truck driver, and supervisor to remove the dismantled equipment. LVCS and Consolidated Freightways were apparently paid by the exhibitor. Consolidated Freightways sent the appellant to the hotel as the supervisor. While appellant was working, employees of LVCS lost control of a piece of equipment they were loading onto a freight elevator, knocking the appellant through the railing to the floor below. Appellant alleged that the railing was unsafe.

1. Las Vegas Convention Service argues it is entitled to the immunity provided in NRS Chapter 616 whether it is viewed as the direct employer of Consolidated Freightways, or as an independent contractor, or as a subcontractor, or as a person in the same employ. We agree. See NRS 616.055; NRS 616.085; NRS 616.115; NRS 616.375; NRS 616.560(1). Nothing in the record indicates that the trade exhibitor retained the exclusive right to control the manner in which the work was done. It

---

[1] NRS 616.270 reads:

"616.270 Employers to provide compensation; relief from liability.

"1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.

". . .

"3. In such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided."

simply paid to have the work completed. In Antonini v. Hanna Industries, 94 Nev. 12, 573 P.2d 1184 (1978), we stated:

> Antonini argues that the degree of control exercised by LVCS compels the conclusion that it, and not Hanna Industries, was his employer. However, the concept of joint employment is accepted in Nevada, as it is in other jurisdictions. *See* Jackson v. Southern Pacific Company, *supra,* at 391, citing Famous Players Lasky Corp. v. Industrial Accident Commission, 228 P. 5 (Cal. 1924). In Beaver v. Jacuzzi Bros. (8th Cir. 1972), 454 F.2d 284, 285, the court stated: "As a matter of common experience and of present business practices in our economy, it is clear that an employee may be employed by more than one employer even while doing the same work." *See also* 1A Larson, *supra,* § 48.40, at 8-254. Antonini's continued employment relationship with LVCS in no way precludes another employment relationship, based upon identical activities, with Hanna Industries.

*Id.* at 17, 573 P.2d at 1187.

Nor is our decision in McDowell Constr. Supply v. Williams, 90 Nev. 75, 518 P.2d 604 (1974) helpful to the appellant. Las Vegas Convention Services contracted with Consolidated Freightways for the services of a driver, a supervisor, and a truck. This is substantially different from delivery of material to a jobsite which primarily furthers the seller's business, where the buyer fails to show control over operational details of the work.

It appears that, as a matter of law, the appellant was jointly employed by Las Vegas Convention Service and Consolidated Freightways to remove convention exhibits from the Dunes Hotel convention facilities. Antonini v. Hanna Industries, cited above.

2. Mere status as an owner-lessor is not sufficient to establish a defense of immunity under NRS 616.560. The immunity attaches to an employer of labor—not simply to owners of property, as such. *See* Alsup v. E. T. Legg & Co., 94 Nev. 297, 579 P.2d 769 (1978). The burden is upon respondent hotel to establish the defense. Alsup v. E. T. Legg & Co., cited above; Weaver v. Shell Oil Co., 91 Nev. 324, 535 P.2d 787 (1975).

Respondent M. & R. Investment Co., Inc. argues on appeal that although it did not exercise control over the operational

details of appellant's work, it was entitled to assert a defense under NRS Chapter 616, because the hotel had the right to control the place, time and manner of appellant's activities at the hotel. The record before us, however, does not clearly establish the existence of an employer-employee relationship between the hotel and this appellant. In the absence of a clearly established NIIA defense, we cannot justify summary judgment on the assumption that trial will show nothing to create a jury question on a legal theory consistent with the pleadings. Weaver v. Shell Oil Co., cited above. The trial court erred in concluding that the hotel had established that it was entitled to the statutory immunity as a matter of law.

The summary judgment in favor of Las Vegas Convention Service is affirmed. The summary judgment in favor of M. & R. Investment Co., Inc. is reversed.