ROBERT LESLIE, JUDITH LESLIE Individually and as
GUARDIAN AD LITEM for LARRY LESLIE, TIMMY
LESLIE and JILL LESLIE, Appellants, v. J. A.
TIBERTI CONSTRUCTION COMPANY and JAMES
DIXON dba FRAMING ASSOCIATES, Respondents.

No. 13558

June 15, 1983                                    664 P.2d 963

*Galatz, Earl & Biggar,* and *Martha A. Karp,* Las Vegas,
*Good & Novack,* Pasadena, California, for Appellants.

*Edwards, Hunt, Pearson & Hale,* Las Vegas, for Tiberti;
*Vargas & Bartlett* and *Thomas F. Kummer,* Las Vegas, for
Dixon.

# OPINION

*Per Curiam:*

The instant appeal arises out of a negligence and products liability action. In May, 1975, Albertson's, Inc. (Albertson's) initiated planning and construction of a new Albertson's supermarket in Las Vegas, Nevada. Albertson's sought bids from various contractors and eventually awarded the contract for the new store to respondent J. A. Tiberti Construction Company (Tiberti), a contractor operating out of Las Vegas. Under its contract with Albertson's, Tiberti became both the general contractor and the general superintendent of construction.

The contract between Albertson's and Tiberti provided that any air conditioning work required on the new store was outside the scope of the responsibilities of the general contractor. This exclusion was due to the fact that Albertson's had a special business relationship with Nelson Air Conditioning Company (Nelson Air). Under this special relationship, Nelson Air would perform any air conditioning work required in the new store by contracting directly with Albertson's.

Tiberti was to construct the new market pursuant to plans prepared by the architectural firm of Maxwell Starkman and Associates. As general contractor, Tiberti hired respondent James Dixon, doing business as Framing Associates (Framing Associates) as the framing subcontractor.

In October, 1975, appellant Robert Leslie, Nelson Air's foreman at the Albertson's job site, was working in the ceiling area of the partially completed store. Appellant stepped on a framing joist located about ten feet above the floor. This joist unexpectedly gave way, allegedly due to faulty construction, and appellant fell to the floor. Appellant struck his head in the fall, sustaining severe injuries resulting in paraplegia. Post-accident investigation revealed that Framing Associates had apparently deviated from the plans and specifications prepared by the architect, and it was later alleged the accident would not have occurred had Framing Associates installed the joist according to the architect's plans and specifications.

Appellant brought a negligence and products liability action

against respondents to recover compensation for his injuries.[1] Appellant's wife and children sought recovery on the same grounds for loss of consortium. Tiberti and Framing Associates eventually moved for summary judgment on the ground that as a matter of law they were statutory co-employees of appellant and thus immunized from common law liability by the provisions of the Nevada Industrial Insurance Act, NRS Chapter 616. Summary judgment was granted in favor of respondents.

Appellant maintains summary judgment in the instant case was inappropriate, as respondents failed to establish his claim was precluded as a matter of law. An examination of the NIIA and applicable case law convinces us appellant's position has merit. The Nevada Industrial Insurance Act (NIIA) provides that when an employee is injured on the job as a result of the negligence of a fellow employee, his remedy is compensation under the NIIA. *See* NRS 616.270. In most circumstances compensation under the NIIA is the employee's sole remedy. There are exceptions to the exclusivity of this remedy, however. One of these exceptions is that which involves third-party tortfeasors. An employee who suffers an injury otherwise compensable under the NIIA under circumstances creating a legal liability in some person other than the employer or a person in the same employ may proceed against such third party in tort. *See* NRS 616.560; Antonini v. Hanna Industries, 94 Nev. 12, 14, fn. 2, 573 P.2d 1184 (1978).

The essence of appellant's claim was that Framing Associates and Framing Associates' employer, Tiberti, were third-party tortfeasors subject to liability under the third-party tortfeasor exception. Framing Associates and Tiberti argued, and the trial court concluded when it granted summary judgment on the issue, that Tiberti, Framing Associates and appellant were all statutory co-employees of Albertson's such that the exclusivity of remedy under the NIIA barred appellant's cause of action. *See* NRS 616.270, 616.560. The instant appeal may thus be reduced to a single issue: whether Albertson's is the statutory employer of Tiberti, Framing Associates and appellant.

In analyzing this issue, there appears to be no real question that Albertson's was the employer of Nelson Air, and through

---

[1] Appellant also brought suit against Maxwell Starkman and Associates, the architect, and against Albertson's. Starkman moved for and was granted summary judgment, and appellant does not challenge that judgment. Albertson's apparently settled with appellant and was dismissed by stipulation.

Nelson Air the employer of appellant. Subcontractors and their employees are deemed to be the employees of the principal contractor. NRS 616.085. Under the same rationale, there also appears to be no real question that Tiberti was the employer of Framing Associates. *See id.*

It is the status of the third potential employer-employee relationship, that between Albertson's and Tiberti, which is critical to the disposition of this appeal. If Albertson's was the statutory employer of Tiberti, then Framing Associates and Tiberti were co-employees of appellant and his cause of action is barred under the NIIA. *See* NRS 616.085, 616.270, 616.560. If Tiberti is *not* an employee of Albertson's, then appellant and Tiberti, Framing Associates and appellant are not co-employees and appellant should be able to bring his action under the third-party tortfeasor exception.

It is well established that the owner of property who functions as his own principal employer by contracting out elements of a construction project will be deemed an "employer" under the NIIA. *See* Hosvepian v. Hilton Hotels Corp., 94 Nev. 768, 770, 587 P.2d 1313 (1978); Titanium Metals v. District Court, 76 Nev. 72, 349 P.2d 444 (1960); Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957). In determining whether such a putative employer is acting as an employer within the meaning of the NIIA, this court has placed primary emphasis on the amount of control exercised by the putative employer over the worker. *See* Antonini v. Hanna Industries, 94 Nev. at 15; McDowell Constr. Supply v. Williams, 90 Nev. 75, 77, 518 P.2d 604 (1974); Titanium Metals v. District Court, 76 Nev. at 13-15. Under the broad term "control," five factors have been accorded substantially equal weight in analyzing whether an employer-employee relationship exists in a particular case. These factors are: (1) the degree of supervision exercised by the putative employer over the details of the work; (2) the source of the worker's wages; (3) the existence of a right on the part of the putative employer to hire and fire the worker; (4) the extent to which the worker's activities further the "general business concerns" of the putative employer; and (5) the putative employer's right to control the hours and location of employment. *See* Whitley v. Jake's Crane & Rigging, Inc., 95 Nev. 819, 821, 603 P.2d 689 (1979); Antonini v. Hanna Industries, 94 Nev. at 15.

This court has frequently noted that great care should be exercised in granting summary judgment. *See* Short v. Hotel Riviera, Inc., 79 Nev. 94, 103, 378 P.2d 979 (1963); McColl v. Scherer, 73 Nev. 226, 231-232, 315 P.2d 807 (1957). Summary

judgment is appropriate only where the pleadings and papers on file show that there is no genuine issue of fact, and that the moving party is entitled to judgment as a matter of law. Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258 (1981); NRCP 56. Further, in the absence of a clearly established NIIA defense, summary judgment must be denied. Weaver v. Shell Oil Co., 91 Nev. 324, 328, 535 P.2d 787 (1975).

Respondents urge that summary judgment was appropriate in the instant case as they clearly set forth an NIIA defense by establishing they were statutory co-employees of appellant. Respondents in effect argue there is no question that Albertson's was the employer of Tiberti, as the record reveals the five factors used to determine whether a putative employer exercised the requisite control over an employee demonstrate Albertson's did exercise the necessary control over Tiberti. We have reviewed the record, however, and conclude that it does not support respondents' position.

We acknowledge that there are some indications that Albertson's exercised a degree of control over Tiberti. An examination of the construction contract executed between Albertson's and Tiberti indicates Albertson's exercised a degree of control over the details of construction. This is relevant as to the first factor, the degree of supervision exercised by the putative employer over the details of the work. Further, although Albertson's is a grocery retailer, the record indicates that it operates a design and construction division. It would appear that the operation of such a design or construction division is evidence that store or plant construction is part of the general business concerns of the putative employer. *See* 1C Larsen, Workmen's Compensation Law, § 49.12 (1980); *see also* Slocum v. Lamartiniere, 369 So.2d 201 (La.App. 1979); Walker v. United States Gypsum Company, 270 F.2d 857 (4th Cir. 1959).

Assuming for the purposes of argument that these two factors must be weighted in favor of Albertson's in determining whether Albertson's controlled Tiberti, the three remaining factors utilized in weighing the putative employer's control cannot be evaluated as the record now stands. Thus, the limited record presented on appeal precludes a determination that, as a matter of law, Albertson's was Tiberti's employer.

An additional matter warrants further discussion. The district court also granted summary judgment in favor of respondents on the cause of action for loss of consortium brought by appellant's wife and children. The district court

articulated no basis for this action. However, it appears the court was proceeding on the assumption that although loss of consortium is a cause of action personal to the non-injured spouse, such a cause of action is precluded by the broad, inclusive language of Nevada's workmen's compensation statutes. *Cf.* Casaccia v. Green Valley Disposal Co., Inc., 133 Cal.Rptr. 295 (Cal.App. 1976); Williams v. Schwartz, 131 Cal.Rptr. 200 (Cal.App. 1976); Wright v. Action Vending Company, Inc., 544 P.2d 82 (Alaska 1975) (loss of consortium claims precluded by workmen's compensation statutes similar to NRS 616.370, Nevada's exclusivity of remedy provision).

If Albertson's was the employer of Tiberti, and if appellant is unable to pursue his cause of action under the third-party tortfeasor exception, the ruling of the district court granting summary judgment on the loss of consortium cause of action may well have been correct. As previously discussed, however, from the present state of the record we are unable to determine whether as a matter of law Albertson's was Tiberti's employer. As we are thus unable to determine whether appellant is restricted to his remedies under the NIIA, we are unable to determine if the derivative loss-of-consortium claim of appellant's wife and children is barred. It therefore appears that appellant's wife and children should be allowed to present this cause of action at trial.

As the preceding discussion demonstrates, the summary judgments against appellant Robert Leslie and against his wife and children were inappropriate. Accordingly, the summary judgments against appellants are reversed, and this case remanded.

MANOUKIAN, C. J., SPRINGER, STEFFEN and GUNDERSON, JJ., and ZENOFF, SR. J.,[2] concur.

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE JOHN MOWBRAY, Justice, who was disqualified. Nev. Const., art. 6, § 19; SCR 10.