DENNIS WILLISON, Appellant, v. TEXACO REFINING AND MARKETING, INC., a Delaware Corporation, Respondent.

No. 22879

March 18, 1993

848 P.2d 1062

---

[1] The Honorable Miriam Shearing, Justice, did not participate in the decision of this appeal.

*Greenman, Goldberg, Raby & Martinez,* Las Vegas, for Appellant.

*Vargas & Bartlett* and *Daurean G. Sloan,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting respondent, Texaco Refining and Marketing, Inc. ("Texaco"), summary judgment. This controversy arose after appellant, Dennis Willison, was injured while working at a gas station operated by Petroman, Inc. ("Petroman"). Petroman is a wholly owned subsidiary of Texaco. Texaco owns the gas station and Petroman supervises the gas station's daily operations. Appellant was injured when a latch on a gas pump he was operating malfunctioned causing gasoline burns to his body.

Appellant filed suit against Texaco as well as the manufacturers of the pump and its components. Texaco subsequently moved to be dismissed from appellant's complaint. Texaco argued it was

immune from suit because it was appellant's employer and, pursuant to NRS chapter 616, the Nevada Industrial Insurance Act ("NIIA"), employees may not sue their employers for work-related injuries. NRS 616.370. An employee's exclusive remedy against his or her employer for work-related injuries is compensation under the NIIA. Texaco reasoned that because Petroman was its wholly owned subsidiary, Texaco was in effect appellant's employer and, therefore, was immune from suit.

Texaco argued in the alternative that it should be regarded as Petroman's principal contractor, and thus it was immune from suit under the NIIA. The NIIA regards employees of subcontractors as employees of the principal contractor. NRS 616.085. Texaco argued that because Petroman was a subsidiary managing Texaco's gas stations, Petroman should be regarded as a subcontractor of Texaco. Texaco urged that because appellant was an employee of Texaco's subcontractor, appellant's exclusive remedy fell under the NIIA as one of its statutory employees. NRS 616.370 and 616.560.

The district court treated appellant's motion to dismiss as a motion for summary judgment, and granted judgment in favor of Texaco. The district court's order granting summary judgment did not indicate, however, the basis for the court's decision. Appellant challenges the district court's decision in this appeal.

A summary judgment will be upheld on appeal only when, after reviewing the record in a light most favorable to the appellant, there remain no issues of material fact *and* respondent is entitled to judgment as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). Applying this standard to this appeal shows that the district court improvidently granted summary judgment.

The test for determining whether a putative employer is an employee's statutory employer under the NIIA is set forth in Leslie v. J. A. Tiberti Constr., 99 Nev. 494, 664 P.2d 963 (1983). The primary emphasis for determining employer status is "the amount of control exercised" by a putative employer over the employee. *Id.* at 497; 664 P.2d at 965. There are five factors in determining whether a putative employer has exercised enough control over a person to establish an employer/employee relationship under the NIIA. Those factors are:

> (1) the degree of supervision exercised by the putative employer over the details of the work; (2) the source of the worker's wages; (3) the existence of a right on the part of the putative employer to hire and fire the worker; (4) the extent to which the worker's activities further the 'general business

concerns' of the putative employer; and (5) the putative employer's right to control the hours and location of employment.

*Id.*

Although the facts are not in dispute, Texaco presented insufficient evidence on which to base summary judgment to establish an employer/employee relationship under the NIIA. The only evidence Texaco presented in support of its motion to dismiss was an affidavit stating that Petroman was a wholly owned subsidiary of Texaco. This fact alone is hardly enough to establish the amount of control necessary to establish an employer/employee relationship under the test in *Leslie.* In fact, appellant indicated that Petroman and not Texaco controlled appellant's conditions of employment. Because Texaco has presented no evidence on the degree of control it exercised over appellant, Texaco has not shown it is entitled to judgment as a matter of law based on an employer/employee relationship.

Texaco also presented insufficient evidence on which to base summary judgment concerning Petroman's status as a subcontractor of Texaco. This court set forth the test for determining whether a party should be viewed as a subcontractor under the NIIA in Meers v. Haughton Elevator, 101 Nev. 283, 701 P.2d 1006 (1985). *Meers* provides:

> The type of work performed by the subcontractor or independent contractor will determine whether the employer is the statutory employer:
>
>> [T]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether that indispensable activity is, in that business, *normally* carried on through employees rather than independent contractors.
>
> Bassett Furniture Industries, Inc. v. McReynolds, 224 S.E.2d 323 (Va. 1976) (emphasis added; citations omitted).

*Id.* at 286; 701 P.2d at 1007.

The parties presented no evidence to the district court addressing whether staffing and operating gas stations are normally conducted by employees of Texaco or independent contractors.

The mere fact that Petroman is a wholly owned subsidiary of Texaco is insufficient for establishing a contractual relationship or that Petroman performed a function normally carried out by Texaco employees. Thus, because Texaco failed to factually establish a subcontractor/contractor relationship with Petroman under the test in *Meers,* Texaco is not entitled to judgment as a matter of law.

For the reasons set forth above, Texaco is not entitled to judgment as a matter of law and summary judgment was not appropriately granted. Nevada State Bank v. Jamison Partnership, 106 Nev. 792, 796, 801 P.2d 1377, 1380 (1990). We therefore reverse the district court's summary judgment, and we remand this case to the district court for further proceedings.[1]

---

[1]The Honorable Miriam Shearing, Justice, did not participate in the decision of this appeal.