45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joseph BAUGHMAN, Jr., Teri R. Baughman, Plaintiffs-Appellants,
v.
MARDIAN CONSTRUCTION COMPANY, an Arizona Corporation,
Defendant-Appellee.
 No. 93-15773.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1994.*
Decided Dec. 27, 1994.
 
 Before: HUG, CANBY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is a workers' compensation exclusive liability case. Baughman suffered very serious injuries in 1989. He was working as an electrician on a construction project, and fell seven stories when unsupported plywood gave way. It is undisputed that Baughman was employed by Fisk Electric; Fisk was the electrical subcontractor employed by Mardian Construction Company; and the owner for which the construction was being done was Flamingo Hilton Laughlin. Baughman received workers compensation from Fisk's carrier. All that is before us is whether the district court erred in granting summary judgment for Mardian, the general contractor.
 
 
 3
 The district court correctly ruled that Mardian is protected from third party tort liability because, as the general contractor, it was deemed to be Baughman's employer. Here is the statute, as it stood in 1989 when Baughman was injured, which deems a subcontractor's employee to be an employee of the general:
 
 
 4
 616.085. "Employee": Subcontractors and employees
 
 
 5
 1. Subcontractors and their employees shall be deemed to be employees of the principal contractor.
 
 
 6
 Nev.Rev.Stat. Sec. 616.085(1).
 
 
 7
 When an employee receives workers' compensation, he is barred from any other recovery against his "employer." Nev.Rev.Stat. Secs. 616.270(3), 616.370.
 
 
 8
 A gloss has been added to the statute since Baughman's injury. Now the statute which deems a subcontractor's employee to be the general's employee makes an exception in Sec. 616.262. That new statute, adopted in 1991, says that a person is not an "employer" if "[h]e enters into a contract with another person or business which is an independent enterprise ..." and certain other conditions pertain. But, as Baughman concedes, this law did not come into effect until 1991, two years after his accident.
 
 
 9
 Baughman argues that he established a genuine issue of fact about whether the general employed him, because Mardian did not exercise enough control over the details of his work to be his employer. We cannot accept this argument, because in 1989, for an employee of a subcontractor on a construction project, the amount of control exercised by the general did not matter in a case such as the one at bar. Leslie v. J.A. Tiberti, 664 P.2d 963 (Nev.1983), Antonini v. Hanna Indus., 573 P.2d 1184 (Nev.1978), and the other cases applying the control test to determine employment apply in different fact situations where the employment relationship is in doubt, as where a landowner which is not a general contractor attempts to have itself deemed a statutory employer to protect against a suit by another company's delivery man. See McDowell Constr. Supply Corp. v. Williams, 518 P.2d 604 (Nev.1974).
 
 
 10
 The control test upon which Baughman would have us rely has been applied in Nevada as a shield for defendants more than as a sword for plaintiffs. The owner which acts as its own general contractor may get the benefit of the general contractor's shield against tort liability. Whitley v. Jake's Crane & Rigging, Inc., 603 P.2d 689, 690 (Nev.1979). In Antonini, the Nevada Supreme Court used the control test to shield an owner which was not a straightforward "principal contractor" under Nevada Revised Statute Sec. 616.085. Likewise, Leslie involves an uncertain chain of employment and uses the control test to determine whether an owner, which was not the "principal contractor," was nevertheless an employer. Although the Nevada courts use the control test in some contexts where the employer-employee relationship is unclear, they hold that in the construction trades, the statute controls and little is required to show that an injured construction employee of a subcontractor is barred from suing the general contractor. Sims v. General Telephone & Electronics, 815 P.2d 151, 159 n. 6 (Nev.1991).
 
 
 11
 Baughman argues that even though the 1991 change in the law came after his accident, Nevada law had already made an exception for specialized subcontractors, which he contends Fisk was. He cites Meers v. Haughton Elevator, 701 P.2d 1006 (Nev.1985). The injured worker there was not a construction employee of a subcontractor attempting to sue a general, so the case is not in point. She was an office worker in a building, and was jostled in the elevator because of improper elevator maintenance. The court held that the elevator maintenance was not part of the usual work of the telephone company which owned the building, and for which Meers worked. The facts in Meers are not analogous to those in the case at bar. Moreover, the Meers court expressly distinguished construction cases like the one at bar:
 
 
 12
 It is easy to see that in the construction business, sub-contractors and independent contractors will invariably be held to be statutory employees of the general contractor. Outside the construction field, however, determining which sub-contractors and independent contractors are employees for purposes of the Act is a determination of great importance.
 
 
 13
 Meers, 701 P.2d at 1007, n. 3. See also Willison v. Texaco, 848 P.2d 1062 (Nev.1993).
 
 
 14
 Baughman argues that Mardian should not get the benefit of Fisk's workers' compensation insurance, because Fisk and not Mardian paid the premium. The statute makes no such exception. When a similar argument was made to the Nevada Supreme Court, it rejected it, saying: "there exists no rational policy in favor of requiring both employers in a joint employment situation to secure independent Nevada industrial insurance coverage." Antonini v. Hanna Indus., 573 P.2d 1184, 1189 (Nev.1978).
 
 
 15
 Mrs. Baughman argues that her claim for loss of consortium should not be barred even if her husband's claim is. She argues that Nevada Revised Statute Sec. 616.270 shields employers only from claims "by an employee." But that is only part of the shield. Under section 616.370(1), the employee's right to workers' compensation is also exclusive of rights and remedies by "dependents or next of kin." That provision bars employees' family members' claims for loss of consortium. As Leslie v. J.A. Tiberti Constr. Co., 664 P.2d 963, 966 (Nev.1983), points out in dictum, the usual rule bars the consortium claim if the worker's claim is barred. The matter is not so much in doubt that we should delay final resolution of this case by certifying the question. Mrs. Baughman's claim is barred because Mr. Baughman's claim is barred by the general contractor's "employer" status under pre-1991 law.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of thsi circuit except as provided by Ninth Circuit Rule 36-3