78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel M. HUNDSON; Renee Hundson, Plaintiffs-Appellants,
v.
ACTION BUILDING SYSTEMS, Francisco Reyes, and does I-V
Defendants-Appellees.
 No. 94-16008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided March 8, 1996.
 
 1
 Before: WALLACE, Chief Judge, and LEAVY, Circuit Judges, and BAIRD.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Daniel and Renee Hundson appeal the district court's grant of summary judgment to appellees Action Building Systems and Francisco Reyes. The district court granted summary judgment on the ground that appellant Daniel Hundson ("Hundson") is a person in the same employ as appellees for purposes of the Nevada Industrial Insurance Act ("NIIA"), Nevada Revised Statutes 616.010 et seq.
 
 
 4
 The district court determined that the Department of Justice was Daniel Hundson's statutory employer and that the General Services Administration ("GSA") was the statutory employer of appellees Reyes and Action Building Services ("ABS"). Accordingly, the district court concluded that Hundson and appellees were all in the employ of the federal government, and therefore the provisions of the NIIA immunized appellees from suit by appellants.
 
 
 5
 On appeal, the parties agree that the Department of Justice was Hundson's statutory employer. However, appellants contend that the district court erred in determining that appellees met their burden in establishing GSA's status as statutory employer of Reyes and ABS pursuant to the NIIA. We agree.
 
 I. Burden of Proof
 
 6
 Under Nevada law, an employee's exclusive remedy for a work related-injury against his or her employer and against a person in the same employ is compensation under the NIIA. Willison v. Texaco Refining and Mktg., Inc., 109 Nev. 141, 143, 848 P.2d 1062, 1063 (1993) (per curiam);[1] Meers v. Haughton Elevator Co., 101 Nev. 283, 285, 701 P.2d 1006, 1007 (1985) (per curiam). The NIIA, therefore, immunizes a statutory employer, and derivatively the employees of that employer, from liability from suit for the work-related injury of a co-worker. See id. at 285, 1007.
 
 
 7
 The party seeking NIIA immunity bears the burden of establishing that it is entitled to this defense. Ortolano v. Las Vegas Convention Serv., 96 Nev. 308, 311, 608 P.2d 1103, 1105 (1980) ("[t]he burden is on [defendant] to establish the [NIIA] defense"); see also Lewis v. United States, 680 F.2d 68, 70 (9th Cir.1982) (where the defendant sought immunity under the NIIA, the district court sought to determine whether the defendant "satisfied its burden of demonstrating 'employer' status and entitlement to immunity from ordinary tort liability"). At summary judgment, when " 'the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial.' " Houghton v. South, 965 F.2d 1532, 1536 (9th Cir.1992) (emphasis in original) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir.1991), cert. denied, 112 S.Ct. 936 (1992)).
 
 
 8
 At summary judgment in the district court, defendants-appellees bore the burden of establishing that no genuine issue of material fact remained as to the defense of GSA's statutory employer status as to Reyes and as to ABS. See Ortolano, 96 Nev. at 311, 608 P.2d at 1105.
 
 II. NIIA
 
 9
 Nevada courts have applied two distinct tests which stem from two separate NIIA code provisions in order to determine whether a defendant is entitled to NIIA immunity from suit for an employee's work-related injury.
 
 A. The Control Test
 
 10
 The first test arises from Nevada Revised Statute 616.055, which defines "employee" for purposes of the NIIA. Nev.Rev.Stat.Ann. 616.055 (Michie 1993). In interpreting this statute, Nevada courts apply a five factor test to determine whether the putative employer controls the worker ("the control test"), and therefore is the statutory employer entitled to immunity from suit. Willison, 109 Nev. at 143, 848 P.2d at 1063; Clark County v. State Indus. Ins. Sys., 102 Nev. 353, 354, 724 P.2d 201, 201-02 (1986). The control test focuses on the relationship between the putative employer and the worker (here, between GSA and Reyes). See, e.g., Willison, 109 Nev. 141, 848 P.2d 1062. In applying the control test, Nevada courts weigh five factors equally: (1) the degree of supervision exercised by the putative employer over the details of the work; (2) the source of the worker's wages; (3) the existence of a right on the part of the putative employer to hire and fire the worker; (4) the extent to which the worker's activities further the general business concerns of the putative employer; and (5) the putative employer's right to control the hours and location of employment. Willison, 109 Nev. at 143-44, 848 P.2d at 1063; Clark County, 102 Nev. at 354, 724 P.2d at 202.
 
 
 11
 The five factor control test should have been applied to determine the relationship between the worker, Reyes, and the putative employer, GSA, in order to establish that GSA is Reyes' statutory employer. A close reading of the contract between GSA and ABS demonstrates that genuine issues of material fact remain as to three of the five factors of the control test: (1) GSA's supervision of Reyes, (2) the source of Reyes' wages, and (3) GSA's right to control Reyes' hours. See Willison, 109 Nev. at 143-44, 848 P.2d at 1063; Sims v. General Tel. & Elecs., 107 Nev. 516, 529, 815 P.2d 151, 159 (1991).[2]
 
 B. The Normal Work Test
 
 12
 The second test applied by Nevada courts to determine whether a defendant is entitled to NIIA immunity arises from Nevada Revised Statute 616.085. Nevada Revised Statute 616.085 provides: "subcontractors, independent contractors and the employees of either shall be deemed to be employees of the principal contractor for purposes of this chapter." Nev.Rev.Stat.Ann. 616.085 (Michie 1993). In interpreting Nevada Revised Statute 616.085, in non-construction cases, Nevada courts seek to determine whether the subcontractor's chores are activities that are normally carried out by the contractor's employees rather than by independent contractors ("the normal work test"). Willison, 109 Nev. at 143-44, 848 P.2d at 1063-64; Meers v. Haughton Elevator Co., 101 Nev. 283, 285, 701 P.2d 1006, 1007-08 (1985).
 
 
 13
 In this case the application of the normal work test requires a factual inquiry as to whether the chores of ABS (the subcontractor) are activities that are normally carried out by employees of GSA (the contractor), rather than by independent contractors. See Willison, 109 Nev. at 144, 848 P.2d at 1064; Sims, 107 Nev. at 529 & n. 6, 815 P.2d at 159 & n. 6; Meers, 101 Nev. at 285 & n. 3, 701 P.2d at 1007 & n. 3. Appellees failed to provide any facts establishing that the janitorial operations provided by ABS were normally conducted by GSA employees, and the district court did not apply the normal work test to determine the relationship between GSA and ABS in its analysis.[3]
 
 III. Conclusion
 
 14
 In the proper analysis, set forth in Willison, 109 Nev. 141, 848 P.2d 1062, GSA could be a statutory employer on two alternate theories: (1) GSA could be Reyes' statutory employer if appellees established that GSA exercised control over Reyes under the five factor control test pursuant to Nevada Revised Statute 616.055, or (2) GSA could be ABS' statutory employer and deemed to be the statutory employer of Reyes if appellees established that the chores ABS performed for GSA were activities normally done by GSA employees under the normal work test pursuant to Nevada Revised Statute 616.085. As described above, genuine issues of material fact remain as to the five factor control test as it applies to GSA and Reyes, and the district court did not consider the normal work test as it applied to ABS and GSA. Therefore, appellees failed to meet their burden in establishing their entitlement to immunity under the NIIA.
 
 
 15
 REVERSED and REMANDED for proceedings consistent with this memorandum.
 
 
 
 *
 The Honorable Lourdes G. Baird, United States District Court Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The recent Nevada Supreme Court case, Willison v. Texaco Refining and Mktg., Inc., 109 Nev. 141, 848 P.2d 1062 (1993) (per curiam), sets forth the structure of NIIA immunity analysis. (This case was decided after the district court's order granting summary judgment was entered.)
 
 
 [2]
 Appellees contend that the issue of GSA's control over Reyes was not raised before the district court. However, counsel for appellants discussed the five factor test and the evidence pertaining to four of the five factors at oral argument. See Telephone Conference Call re Defendant's Motion for Summary Judgment, # 36 Before the Honorable Philip M. Pro, at 7-10 (Dec. 23, 1992, Las Vegas). Furthermore, defendants-appellees bore the burden of establishing the NIIA defense; thus "any inadequacies in the record ... manifest [appellees'] own failure to carry [their] burden of proof." Boehm v. American Broadcasting Co., 929 F.2d 482, 487 (9th Cir.1991)
 
 
 [3]
 Appellees argue that appellants waived the issue of whether ABS performed work normally done by GSA because appellants did not raise the issue below. "[A]ny inadequacies in the record ... manifest [appellees'] own failure to carry [their] burden of proof." Boehm, 929 F.2d at 487