FLORENCE CAVAGNARO, Appellant, *v.* STATE WIDE INVESTIGATIONS, INC., a Nevada Corporation; FRANK SHERMAN, Respondents.

No. 9241

July 26, 1978                               581 P.2d 859

*Galatz, Earl & Biggar,* Las Vegas, for Appellant.

*Thorndal & Liles, Ltd.,* and *Leland Eugene Backus,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On July 30, 1973, appellant's husband, William Cavagnaro, was struck and killed by an automobile while crossing Flamingo Road on his way to work at the construction project for the MGM Grand Hotel in Las Vegas. The deceased was employed by Olson Glass Co., a subcontractor on the MGM project. The automobile which struck him was driven by respondent Frank Sherman, an employee of respondent State Wide Investigations, Inc., also a subcontractor on the project.

Subsequent to the accident, appellant accepted benefits pursuant to NRS chapter 616 (Nevada Industrial Insurance Act). She then commenced this action seeking additional damages for the wrongful death of her husband allegedly caused by respondents' negligence. Respondents moved for and were granted summary judgment on the ground appellant's action was barred by NRS 616.370, which provides, *inter alia,* that (1) once an employee receives accident benefits under the Act, he is barred from commencing any action for additional compensation, and, (2) the rights and remedies provided in the Act for an employee injured by an accident arising in the course of his employment shall be exclusive of all other rights and remedies.

Appellant's sole contention is that NRS 616.085 and 616.115

violate the constitutional proscription against involuntary servitude because they deem all employees of subcontractors and independent contractors to be employees of the principal contractor.[1] The thrust of appellant's argument is that these statutes, by definition, "compel every employee in Nevada to work not only for his chosen employer, but also for any other employer" employed by the same principal contractor. We are not persuaded by this logic.

The statutes neither compel an employee to labor, against his will, for the benefit of another, nor prohibit or restrict any employee from leaving the service of the employer, and thus, do not violate the involuntary servitude provisions of either the federal or state constitution. *Cf.* Lancaster v. C.F.&I. Steel Corporation, 548 P.2d 914 (Colo. 1976).

The judgment is affirmed.

---

[1]U.S. Const. Amend. XIII provides, in pertinent part:

"Neither slavery nor involuntary servitude . . . shall exist within the United States. . . ."

Nev. Const. art. 1, § 17, provides:

"Neither Slavery nor involuntary servitude unless for the punishment of crimes shall ever be tolerated in this state."

NRS 616.085 provides:

"Subcontractors and their employees shall be deemed to be employees of the principal contractor."

NRS 616.115 provides:

" 'Subcontractors' shall include independent contractors."