JACK HOSVEPIAN AND BILLIE HOSVEPIAN, APPELLANTS, v. HILTON HOTELS CORPORATION, A NEVADA CORPORATION, D/B/A LAS VEGAS HILTON HOTEL, RESPONDENT.

No. 9570

December 20, 1978                    587 P.2d 1313

*Jolley, Urga & Wirth,* Las Vegas, for Appellants.

*Cromer, Barker & Michaelson,* and *James R. Olson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellants, Jack and Billie Hosvepian, brought this action for damages resulting from injuries suffered by Jack Hosvepian at a construction site on the property of respondent. Hosvepian, whose immediate employer was W. J. Thompson, Inc., received compensation for those injuries from the Nevada Industrial Commission. Respondent, Hilton Hotels Corporation, moved for summary judgment, contending that as the principal contractor of its own construction project, it was insulated from common law liability under the Nevada Industrial Insurance Act, NRS ch. 616.[1] The district court agreed, granting summary judgment for respondent and dismissing the complaint of appellants on the merits. NRCP 56.

On appeal, appellants contend that the record fails to demonstrate that respondent had sufficient control of the project to entitle it to the status of an "employer" under the NIIA.[2] This contention is without merit.

[1] See particularly, NRS 616.270(3), 616.370(1), and 616.085.

[2] Appellants conceded in oral argument that their challenge to the constitutionality of the NIIA has been conclusively answered by our holding in Cavagnaro v. Statewide Investigations, 94 Nev. 467, 581 P.2d 859 (1978).

The NIIA provides that "[s]ubcontractors and their employees shall be deemed to be employees of the principal contractor." NRS 616.085. Under prior decisions of this court, we have held that an owner of property who functions as his own principal contractor will be deemed an "employer" under the act. Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957); Titanium Metals v. District Court, 76 Nev. 72, 349 P.2d 444 (1960). Such a determination is to be made with regard to the particular purposes of the NIIA, Antonini v. Hanna Industries, 94 Nev. 12, 573 P.2d 1184 (1978), and without reference to the technical requirements of contractor licensing statutes. Simon Service v. Mitchell, *supra.*

A review of the uncontroverted facts in the record shows that, as in *Simon Service* and *Titanium Metals,* respondent contracted directly with numerous subcontractors, including W. J. Thompson, Inc. No one of these subcontractors performed more than 20 percent of the work on the project. Respondent retained, directly or through its authorized agent, general supervisory control over the progress of work and the purchase of materials. In addition, the record demonstrates that respondent retained and exercised control of the details of the work. Appellant Hosvepian himself averred that an employee of the agent of respondent gave direct instructions to his crew, instructed his foreman as to changes "and completely handled all supervision of the project." *See* Restatement, Agency (Second) § 5 (1958). *Cf.* Weaver v. Shell Oil Co., 91 Nev. 324, 535 P.2d 787 (1975); Alsup v. E. T. Legg & Co., 94 Nev. 297, 579 P.2d 769 (1978).

Since uncontroverted facts in the record demonstrate that respondent performed the function of principal contractor, including the exercise of supervisory control over the work on the project, respondent was entitled to summary judgment and the decision of the district court must be affirmed.