**Gerald R. JONES, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 83–2650.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 1984.

Decided July 15, 1985.

Lorraine J. Mansfield, Jonathan C. Reed, Crockett & Myers, Las Vegas, Nev., for plaintiff-appellant.

Lamond Mills, U.S. Atty., William C. Turner, Asst. U.S. Atty., Las Vegas, Nev., for defendant-appellee.

Before HUG, TANG and FARRIS, Circuit Judges.

PER CURIAM:

Gerald R. Jones brought this action against the United States under the FTCA, 28 U.S.C. § 1346(b), for damages sustained

in an auto collision caused by the alleged negligence of an employee of the National Park Service, Department of the Interior of the United States. The district court granted defendant's motion for summary judgment, limiting Jones to the Nevada workmen's compensation benefits that he has already received as his exclusive remedy. The court based its holding on its legal conclusion that the United States operated as a principal contractor at a construction site where Jones worked, and hence was Jones' statutory employer as a matter of Nevada law. We find the record does not establish the statutory employer-employee relationship as a matter of law, and remand for resolution of this genuine issue of material fact.

Nevada's statutory and decisional law governs the determination of the United States' liability under the FTCA. *See Lewis v. United States*, 680 F.2d 68, 69 (9th Cir.1982) (citing 28 U.S.C. § 1346(b) and *United States v. Sutro*, 235 F.2d 499, 500 (9th Cir.1956)). Under the Nevada Industrial Insurance Act (NIIA), Nev.Rev.Stat. §§ 616.010–616.680, an "employer" is shielded from common law tort liability because the workmen's compensation benefits provided for under the NIIA are the exclusive remedy for work related injuries. *See Lewis*, 680 F.2d at 69 (citing Nev.Rev. Stat. §§ 616.270(3) and 616.370(1)); *Leslie v. J.A. Tiberti Construction Co.*, 664 P.2d 963, 964–65 (Nev.1983). "Nevada Courts recognize that an employee may be deemed to have more than one employer" for the purposes of the NIIA. *Lewis*, 680 F.2d at 69. Furthermore, a property owner who has contracted to have work done on his property will be considered an "employer" when that property owner "functions as his own principal contractor." *Id.* (citing *Hosvepian v. Hilton Hotels Corp.*, 94 Nev. 768, 587 P.2d 1313, 1314 (1978)).

The test to determine whether a landowner is functioning as a principal contrac-tor and hence has established a statutory employer-employee relationship with the putative employee is, under Nevada law, to be determined under a five factor test for adjudging the amount of "control" exercised by the putative employer over the worker. *Antonini v. Hanna Industries*, 94 Nev. 12, 573 P.2d 1184, 1186 (1978). The five factors, each of which is to be accorded substantially equal weight, are:

(1) the degree of supervision exercised by the putative employer over the details of the work; (2) the source of the worker's wages; (3) the existence of a right on the part of the putative employer to hire and fire the worker; (4) the extent to which the worker's activities further the "general business concerns" of the putative employer; (5) the putative employer's right to control the hours and location of employment.

*Leslie v. J.A. Tiberti Construction Co.*, 664 P.2d at 965. The district court found this control test satisfied as a matter of law.

We review the grant of summary judgment de novo; our task is identical to that of the district court. *Raddatz v. United States*, 750 F.2d 791, 795 (9th Cir.1984). We must view the evidence most favorably to Jones, and determine whether the United States was entitled to judgment as a matter of law. *See id.*[1]

We find that on the record before us the district court erred in finding "principal contractor" or statutory employer-employee relationships existed as a matter of law. We adopt for the purposes of this opinion the findings of fact of the district court as wholly supported by the record. These facts do show that substantial control over the operational details of the project was indeed possessed by the government. We note, however, that the district court did not acknowledge an issue raised in the depositions submitted by the United States,

---

**1.** We find it unnecessary to reach the question of the effect of Jones' failure to respond to the motion for summary judgment because defendant fails to support its motion with evidence sufficient to satisfy the standard for summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970); *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1508 n. 1 (9th Cir.1984) (Ferguson, J. dissenting).

**1004**

as to the actual role of the government employees on the site on a daily basis. In the deposition of Donald Fillis, an employee of the Bureau of Reclamation, the function of the Bureau's employees at the site was characterized as supervisory in nature. On the other hand, in the deposition of Thomas G. Hopkins, an employee of Kaiser Steel Company, (plaintiff Jones' employer), the function of these government employees was characterized more as one of inspecting the work.

More importantly, the Nevada courts have stressed that "a test focusing exclusively upon the degree of control over operational details" has been rejected in favor of the broader examination of the enumerated factors above. *Antonini*, 573 P.2d at 1186, n. 5. The United States may prove this test satisfied after full development of the facts at trial. For example, the inclusion of workmen's compensation for Kaiser Steel's employees in Kiewit & Sons' bid to the United States could be construed by the trier of fact as some evidence showing that the government was the source of Jones' wages. *See e.g., Titanium Metals Corp. v. Eighth Judicial District Court*, 76 Nev. 72, 349 P.2d 444, 445 (1960) (payment of or reimbursement for labor costs, health, welfare and other taxes related to labor considered as factors showing party was acting as principal contractor). As the record now exists, however, we do not find the Nevada test satisfied as a matter of law.

Although the potential in the record for a factual finding after trial that the principal contractor relationship exists, we find that this case is controlled by *Lewis v. United States*, 680 F.2d 68. As in *Lewis*,

> [C]onspicuously absent [is evidence] that the Government supervised the details of [Jones'] work, that it had authority to fire him, or that it was the source of his wages.

680 F.2d at 70. Our finding simply is that the district court was premature in granting summary judgment on the issue of whether the United States was a principal contractor. We are bound to apply existing Nevada law, *e.g., Morgan v. United States*, 709 F.2d 580, 582 (9th Cir.1983); *Davies v. United States*, 542 F.2d 1361, 1362 (9th Cir.1976), and by our previous application of Nevada law to similar facts in *Lewis*. The case is therefore REVERSED and REMANDED for further proceedings consistent with this opinion.