**Wrene WATERS, Plaintiff,**

v.

**UNITED STATES of America and Round Valley Indian Health Center, Defendants.**

**No. C–92–1658 SAW.**

United States District Court, N.D. California.

Jan. 8, 1993.

David Rapport, Rapport & Marston, Ukiah, CA, for plaintiff.

Mary Beth Uitti, U.S. Attorney's Office, San Francisco, CA, for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### I. Background

Plaintiff is a former employee of Round Valley Indian Health Center ("Round Valley"). Defendant Round Valley is a health care provider serving the Round Valley Indian community in Northern California. Gerald O. Kane is the Director of Round Valley.

Plaintiff filed a complaint against Round Valley and Kane, alleging that Kane physically and sexually assaulted her while she was a Round Valley employee. Plaintiff further alleges that as a result of her refusal to respond to Kane's sexual advances, she was terminated from her employment and forced to vacate her home, which was provided by Round Valley. Plaintiff's First Amended Complaint, filed in state court in Sonoma County, alleges

nine causes of action. Seven of Plaintiff's causes of action allege common law tort claims.[1] Two causes of action allege statutory claims: violation of the Unruh Civil Rights Act ("Unruh Act"), Cal.Civ.Code § 51.7, *et seq.*, and violation of the California Fair Employment and Housing Act ("FEHA"), Cal.Gov't Code § 12940. On May 4, 1992, the complaint was removed to federal court in anticipation of the substitution of the United States as defendant on at least some of the causes of action.

Round Valley moves to substitute the United States for Round Valley for the two statutory claims, and to dismiss those claims for Plaintiff's failure to exhaust administrative remedies. The United States opposes the motion, and also moves to dismiss Round Valley's cross-claim against the United States.[2] Plaintiff has not opposed any of the motions.

## II. Discussion

### A. Round Valley's Motion to Substitute the United States

■ Round Valley moves to substitute the United States as Defendant for the Unruh Act and FEHA claims asserted against Round Valley pursuant to the Indian Self Determination Act ("ISDA"). ISDA provides that any civil action against an Indian contractor operating under contract with the Indian Health Service shall be deemed an action against the United States and the United States shall be substituted as defendant. Such actions shall be afforded the full protection of the Federal Tort Claims Act ("FTCA"). Pub.L. No. 101-512 § 314, 104 Stat. 1960 (1990).

■ FTCA is a limited waiver of sovereign immunity, allowing a person injured by a United States employee to seek tort damages against the federal government. *Smith v. Supreme Court of the United States,* —— U.S. ——, ——, 111 S.Ct. 1180, 1180 (1991). Absent such a waiver, Plaintiff's claims against the United States would be barred under the sovereign immunity doctrine. *Schwarder v. United States,* 974 F.2d 1118, 1121–22 (9th Cir. 1992). For persons injured by a United States employee, the Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA") provides that the remedy against the United States under FTCA is "exclusive of any other civil action or proceeding for money damages." 28 U.S.C. 2679(b)(1).

Specifically, FTCA waives sovereign immunity for claims against the United States for:

money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment if a private person ... would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

■ The moving parties do not dispute that Round Valley was an Indian contractor acting within the scope of its employment when the events giving rise to this litigation occurred. Nor do they dispute that both the Unruh Act and FEHA apply to private persons. Thus, putting ISDA and FTCA together, the United States must be substituted for Round Valley as Defendant if Plaintiff's statutory claims allege "negligent or wrongful acts or omissions" within the meaning of FTCA.

The United States relies upon FELRTCA legislative history to conclude that FTCA does not include statutory intentional torts within the phrase "negligent or wrongful acts or omissions":

'[C]ommon law tort' embraces not only those various state law causes of action predicated on the 'common' or case law

---

1. On October 15, 1992, the Court substituted the United States for all claims brought against Kane. It further substituted the United States for Round Valley for all of Plaintiff's common law tort claims. The court then dismissed those claims, without prejudice, for Plaintiff's failure to exhaust administrative remedies.

2. The United States' motion to dismiss Round Valley's cross-claim becomes moot upon the United States' substitution for Round Valley as to the statutory claims. The motion should therefore be denied.

of the various states, but also encompasses traditional tort causes of action codified in state statutes that permit recovery for acts of negligence.

H.Rep. No. 100–700 (*quoted in Meyer v. Fidelity Savings*, 944 F.2d 562, 571 n. 16 (9th Cir.1991)). The United States contends that because Plaintiff's statutory claims concern intentional torts they do not fall within the ambit of the FTCA.

■ The United States' argument is not well-taken. A reading of FTCA which excludes statutory intentional torts is contrary to common sense and the plain meaning of the statute. By its terms, FTCA covers "negligent or wrongful acts or omissions." The courts have interpreted this language to encompass both negligent and intentional torts. *See Hatahley v. United States*, 351 U.S. 173, 181, 76 S.Ct. 745, 752, 100 L.Ed. 1065 (1956) ("Section 1346(b) [of FTCA] provides for liability for "wrongful" and well as "negligent" acts.... ["Wrongful"] ... was intended to include situations ... involving trespasses which might not be considered strictly negligent."). FTCA has also been interpreted to encompass both statutory and common law torts. *See Jones v. United States*, 773 F.2d 1002, 1003 (9th Cir.1985) ("[S]tatutory and decisional law governs the determination of the United States' liability under the FTCA."); *Schwarder v. United States*, 974 F.2d 1118, 1122 (9th Cir.1992); *see also* H.Rep. No. 100–700. Given these interpretations, FTCA would cover torts which are both intentional and statutory. Because Plaintiff's statutory claims constitute wrongful acts within the meaning of the FTCA,[3] the United States must be substituted for Round Valley as to these claims. *See Wood v. United States*, 1992 WL 17481, **1–2, 1992 U.S.App. LEXIS 1456,

**4–5 (1st Cir.1992) (United States subject to substitution under FTCA in case asserting, *inter alia,* claim of sexual harassment brought under Massachusetts civil rights statute). The fact that the Plaintiff's claims allege statutory intentional torts does not undermine this conclusion. *See id.*

    B. Round Valley's Motion to Dismiss Statutory Claims for Failure to Exhaust Administrative Remedies.

■ FTCA requires parties to exhaust administrative remedies before filing a complaint in federal court.[4] Failure to do so divests this court of jurisdiction to hear a party's claim. *Burns v. United States*, 764 F.2d 722, 724 (9th Cir.1985).

Plaintiff has not submitted her claims to the applicable administrative agency. Accordingly, her statutory claims should be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

(1) Round Valley's motion to substitute the United States for Round Valley on statutory claims is GRANTED;

(2) Round Valley's motion to dismiss statutory claims, without prejudice, for failure to exhaust administrative remedies is GRANTED; and

(3) United States' motion to dismiss Round Valley's cross-claim is DENIED, as being moot.

---

**3.** Plaintiff alleges intimidation under the Unruh Act, and sex discrimination and sex harassment under FEHA.

**4.** FTCA provides, in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claim-

ant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).