■ In the Matter of JOHN J. O'CONNOR, Petitioner, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Comptroller, disapproving the application of the petitioner for retirement system credit with respect to certain services. The services in controversy consisted of services as counsel to the Insurance Department and to the Banking Department in proceedings for the liquidation of certain banks and insurance companies. Upon review of the record, we find that the Comptroller was right in holding that the services were rendered by the petitioner as an independent professional practitioner on a fee basis and not as an employee of the State. The petitioner was therefore not entitled to have the fees treated as salary received from the State, for the purpose of determining the amount of his retirement allowance. Determination unanimously confirmed, without costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.

■ In the Matter of EDWIN G. BOOZ et al., Individually and as Copartners Doing Business under the Name of BOOZ, ALLEN & HAMILTON, Petitioners, against GEORGE M. BRAGALINI et al., Constituting the State Tax Commission, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission imposing under article 16-A of the Tax Law assessments of unincorporated business taxes against the petitioners for fiscal years ending September 30, 1948, and September 30, 1949, respectively. The sole issue is whether the petitioners' activities as management consultants come within the sphere of professional activities exempted from the tax by section 386 of the Tax Law. The petitioners offer consulting services for business enterprises, nonprofit institutions and governmental agencies. Advice is given in the areas of general management; manufacturing, engineering and research; finance, accounting and control; distribution, marketing and sales; and industrial and personnel relations. The basic work of the petitioners consists of defining the problem, gathering the facts, organizing the findings, formulating conclusions, appraising the conculsions; recommending solutions; exercising supervisory control over installations of suggested improvements; and subsequently evaluating the results. In other words, petitioners' services deal mainly with the conduct of business itself. Petitioners have different academic backgrounds. For example, Mr. Allen holds a bachelor of science degree and majored in economics; Mr. Olson has a masters degree in marketing; and Mr. Burnell has a bachelor of arts degree. At present, a person intending to work as a management consultant could seek such degrees as "Bachelor of Science in Industrial Management", "Bachelor of Science in Administrative Engineering" and "Bachelor of Science in Industrial Administration". These courses are largely to educate persons for work in the world of manufacturing and commerce. Thus, neither the type of work performed by petitioners, their academic background nor the courses presently available to those intending to enter the field of management consulting required the State Tax Commission to find that the petitioners' vocation was a profession. In *Matter of Backman* v. *Bates* (279 App. Div. 1115) this court held that an economist's personal services in the field of business and commerce were subject to the tax. We do not believe that a distinction should be made in the cases of management consultants. Determination unanimously confirmed, with $50 costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ. [See *post*, p. 716.]