In the Matter of the Claim of JOHN E. EGAN, Respondent, against NEW YORK STATE JOINT LEGISLATIVE COMMITTEE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 9, 1956.

*George J. Hayes, Bernard Katzen* and *Victor Fiddler* for appellants.

*Jacob K. Javits, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, P. J. This is an appeal from an award of compensation for disability, made by the Workmen's Compensation Board to an attorney who was acting as counsel to a State legislative committee at the time he sustained injuries in an automobile accident.

The sole issue raised on appeal is whether claimant was an employee or whether merely the conventional relationship of attorney and client existed.

The committee was organized pursuant to a joint resolution of both houses of the State Legislature to study laws, rules and regulations relating to horse racing, presumably with a view to the enactment of legislation. With its approval the chairman thereof employed claimant as its counsel and fixed his salary at $10,000 a year, which was to be paid from a specific legislative appropriation for the committee's purposes. Payment of claimant's salary was to be made upon the submission of a voucher tendered by him, and he had the choice of getting it in a lump sum, or more frequently if he desired. No contributions

were made therefrom to the New York State Retirement System but certain amounts were withheld for Federal income tax purposes.

Claimant was first employed in April, 1951. The resolution creating the committee limited its duration to one year but this period was extended by successive resolutions so that claimant's employment as counsel continued until the end of the 1954 legislative session. During this period claimant was also actively engaged in a private law practice in the city of Kingston, New York. However it is clear from the record that claimant was subject to the call and direction of the committee and its chairman at any and all times, irrespective of his private practice. The chairman of the committee testified: " he acted under the direction of the committee and its chairman. * * * Whenever we wanted Mr. Egan to go anywhere or do anything, we just told him to go. * * * he was our employee and we directed him." On the evening of February 18, 1953 the chairman of the committee directed claimant to obtain some papers which were in Kingston, New York and were required in connection with the completion of the draft of a report to be made by the committee. Claimant was in Albany at the time and it was in connection with his journey from there to Kingston that he sustained injuries as the result of an automobile accident.

Upon the foregoing facts, which were undisputed, the Workmen's Compensation Board found claimant was an employee within the meaning of the Workmen's Compensation Law. Appellants argue that the very nature of claimant's work gave him complete and independent control of his activities to the same extent as ordinarily exists in the conventional relationship of attorney and client.

The uncontradicted facts in this case were such that conflicting inferences could be reasonably drawn therefrom. Hence there was evidence to support the board's finding, and when conflicting inferences are permissible the finding of the board is conclusive (*Matter of Ghelmi* v. *Netherland Dairy Co.*, 254 N. Y. 60, 64; *Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652; *Matter of Challis* v. *National Producing Co.*, 275 App. Div. 877, motion for leave to appeal denied 300 N. Y. 760). On the general proposition of whether an attorney may also be an employee it is a matter of common knowledge that many corporations, as well as the State itself, engages the services of attorneys on an employee relationship rather than on the basis of an independent contractor. There is no set rule which can be automatically applied in each case, and each case must be decided on the basis of its own peculiar facts and the inferences that may be drawn therefrom.

Appellants rely heavily upon our decision in *Matter of O'Connor* v. *New York State Employees' Retirement System* (2 A D 2d 639). The facts in that case however are clearly distinguishable from those presented here. There the attorney involved had rendered services as counsel to the Insurance Department, and also the Banking Department, in proceedings for the liquidation of certain banks and insurance companies, and it was held that he was not a State employee for the purpose of computing the amount of his retirement allowance. The proof however taken before the Comptroller showed that petitioner in that case was not paid a regular salary and did not appear on the payroll of either department; that he was paid for specific work that was done from time to time; that he used several lawyers in his private law office and under his exclusive control to perform some of the liquidation proceedings. Obviously such an arrangement was quite dissimilar to the one involved here.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

Coon, Halpern, Zeller and Gibson, JJ., concur.

Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.