■ In the Matter of SILVER GRILL, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Otsego County) to review a determination of the State Liquor Authority, which found petitioner guilty of violating section 65 of the Alcoholic Beverage Control Law and imposed a 10-day deferred suspension as a penalty. Petitioner was charged by the State Liquor Authority with violating the Alcoholic Beverage Control Law "in that it sold, delivered, or gave away, or

permitted to be sold, delivered or given away, alcoholic beverages to a minor and/or minors actually or apparently under the age of eighteen years on April 20, 1975". At the hearing one Rhonda F. Wing testified that on April 20, 1975, when she was only 17 years old, she took a few sips of beer ordered by a boyfriend in the petitioner's establishment. She stated that they left the bar after only a few minutes. The testimony of the petitioner's president as to the physical layout of the premises varied considerably from Ms. Wing's description. Petitioner's bartender testified that he had been the only one working on the night in question and had no recollection of Ms. Wing or her boyfriend. Petitioner theorizes that they had not been in its bar, but rather were in an adjoining bar and that, in any event, there was no substantial evidence to support the decision of the respondent, adopting the findings of the hearing officer, that petitioner was guilty as charged. We conclude that the instant determination is supported by substantial evidence. The inability of Ms. Wing to recall details of the interior of petitioner's premises and the failure of petitioner's bartender to remember her or her boyfriend may be explained by their short stay in the establishment. With the conflicting inferences possible from the testimony herein, the findings of the State Liquor Authority is conclusive *(Matter of Egan v New York State Joint Legislative Committee,* 2 AD2d 418; *Matter of Gordon v New York Life Ins. Co.,* 300 NY 652). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.