HORACE J. WHITLEY, Appellant, *v.* JAKE'S CRANE &
RIGGING, INC., a Nevada Corporation, Respondent.

No. 10272

December 11, 1979                           603 P.2d 689

*Goodman, Oshins, Brown & Singer,* and *Kirby R. Wells,* Las
Vegas, for Appellant.

*Cromer, Barker & Michaelson,* and *Gerald I. Gillock,* Las
Vegas, for Respondent.

## OPINION

*Per Curiam:*

Horace Whitley has appealed from an order of the district court granting Jake's Crane & Rigging, Inc.'s (Jake's) motion for summary judgment. Whitley was injured on November 24, 1975, by a crane owned and operated by Jake's. He sought and recovered an award from the Nevada Industrial Commission (NIC) under the policy of his employer, Westinghouse, and subsequently commenced this tort action against Jake's. The district court found that Westinghouse and Jake's were both subcontractors of a principal employer, Southern California Edison (Edison), and that Jake's was, therefore, immune from tort liability under the provisions of the Nevada Industrial Insurance Act (NIIA). NRS 616.010–616.680. We affirm that decision.

NRS 616.560(1) provides that "an employee . . . [who] receives an injury . . . which injury was caused under circumstances creating a legal liability in some person, other than the employer or *a person in the same employ*" may proceed against such third party in tort. (Emphasis supplied.) In Aragonez v. Taylor Steel Co., 85 Nev. 718, 462 P.2d 754 (1969), we addressed the question of whether employees of separate subcontractors, working at the same jobsite, should be considered persons "in the same employ" for the purposes of NRS 616.560. We concluded that immunity from common law tort liability did so extend, relying in part on NRS 616.085, which reads: "Subcontractors and their employees shall be deemed to be employees of the principal contractor."

On appeal, however, Whitley maintains that the record fails to demonstrate that Edison had sufficient control of the project to entitle it to attain the status of an employer under the NIIA.

Prior decisions of this court have held that an owner of property who functions as his own principal contractor will be deemed an "employer" under the act. Hosvepian v. Hilton Hotels Corp., 94 Nev. 768, 587 P.2d 1313 (1978); Titanium Metals v. District Court, 76 Nev. 72, 349 P.2d 444 (1960); Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957).

In determining whether an individual is an employee entitled to compensation under workmen's compensation acts, we have adopted a policy of broad and liberal interpretation. Antonini

v. Hanna Industries, 94 Nev. 12, 573 P.2d 1184 (1978); Nevada Ind. Comm'n v. Bibb, 78 Nev. 377, 374 P.2d 531 (1962). Under this flexible approach, we have rejected a test focusing exclusively upon the degree of control over operational details and instead have accorded substantially equal weight to several different factors, including the degree of supervision, the source of wages, the existence of a right to hire and fire, the right to control the hours and location of employment and the extent to which the worker's activities further the general business concerns of the alleged employer. Antonini v. Hanna Industries, *supra; see also* McDowell Constr. Supply v. Williams, 90 Nev. 75, 518 P.2d 604 (1974); Nevada Ind. Comm'n v. Bibb, *supra;* Titanium Metals v. District Court, *supra.* Indeed, lack of control has not always been deemed conclusive. Nevada Ind. Comm'n v. Bibb, *supra.*

The record before this court shows that Edison entered into two contracts regarding certain equipment it owned and was storing in Las Vegas, Nevada. Pursuant to the first contract, Jake's unloaded and stored this equipment on its premises. Under the terms of the second contract, Westinghouse supplied technical direction, clerical support and casual laborers in the unloading and storing process. An employee of Edison was at all times present in the unloading yard to monitor the work.

These facts demonstrate that Edison performed the function of principal employer, including the exercise of supervisory control over the work on the project. Therefore, pursuant to NRS 616.085 and NRS 616.560 the NIIA provides Whitley his sole remedy.

Summary judgment is affirmed.