VICKI L. MONTGOMERY, Appellant, v. PONDEROSA CONSTRUCTION, INC.; LEVY REALTY COMPANY AND SAVALLI ESTATES HOMEOWNERS ASSOCIATION, Respondents.

No. 15869

August 27, 1985                                    705 P.2d 652

*Mushkin, Samuels & Associates,* Las Vegas, for Appellant.

*Lyles & Austin,* Las Vegas, for Respondent Ponderosa Construction, Inc.

*Edwards, Hunt & Hale* and *Victor Lee Miller,* Las Vegas, for Respondents Levy Realty Company and Savalli Estates Homeowners Association.

## OPINION

*Per Curiam:*

Plaintiff-appellant Vicki L. Montgomery, a licensed real estate salesperson, worked as an independent contractor with Nevada Properties Realty, Inc. Nevada Properties Realty was the exclusive sales agent for third party defendant-respondent Savalli Estates Homeowners Association (Savalli). Savalli Estates is a condominium project developed by defendant-respondent Ponderosa Construction, Inc. (Ponderosa). Montgomery slipped and fell while walking in a parking lot area of the Savalli Estates, and suffered a swollen ankle, low back pain and headaches. Montgomery filed a complaint against Ponderosa for negligent maintenance of the parking lot. Appellant's contract with Nevada Properties required her to maintain industrial insurance; she made a claim with the State Industrial Insurance System, which paid her $7,383.62. Ponderosa filed a third party complaint against Savalli and Levy Realty Company, the managing agent of the Savalli condominiums. NRCP 14(a).

Ponderosa and Savalli and Levy Realty Company filed a motion for summary judgment in the negligence action, alleging that Montgomery's claim was barred under the Nevada Industrial Insurance Act (NIIA) because she was an employee of Ponderosa and was therefore prevented from pursuing a common law action against Ponderosa pursuant to NRS 616.370.[1] The district court granted the summary judgment motion and this appeal followed.

Montgomery contends that the court erred in granting summary judgment because an issue of fact exists as to whether she was an employee of Ponderosa. We agree.

In determining whether a putative employer is an employer within the meaning of the NIIA, emphasis is placed on the amount of control exercised by the putative employer over the worker. Antonini v. Hanna Industries, 94 Nev. 12, 573 P.2d 1184

---

[1]NRS 616.370 provides, in pertinent part, that "[t]he rights and remedies provided in [Ch. 616, NRS] for an employee . . . shall be exclusive . . . of all other rights and remedies of the employee . . . at common law or otherwise. . . ."

(1978). Five factors are accorded substantially equal weight in analyzing whether an employer-employee relationship exists in a particular case. These factors are: (1) the degree of supervision exercised by the putative employer over the details of the work; (2) the source of the worker's wages; (3) the existence of a right on the part of the putative employer to hire and fire the worker; (4) the extent to which the worker's activities further the general business concerns of the putative employer; and (5) the putative employer's right to control the hours and location of employment. Whitley v. Jake's Crane & Rigging, Inc., 95 Nev. 819, 603 P.2d 689 (1979).

The record reflects that Ponderosa exercised a degree of control over Montgomery in that the correspondence of its president, Lewis Hildreth, attached to the motion for summary judgment insisted the model homes be operated by salespersons at specific hours on weekends. This is relevant to the fifth factor of the putative employer's right to control the hours and location of employment.

A letter in which Hildreth requested a particular salesman be removed and replaced with someone of a more enthusiastic nature tended to establish Ponderosa's right to fire workers. However, the record does not reflect whether Nevada Properties complied with the letter as a demand or whether it was regarded as a mere request. Additionally, portions of Montgomery's time at the Ponderosa site were spent on matters unrelated to the business of Ponderosa. Thus the current state of the record does not permit full evaluation of the factor of the extent to which Montgomery furthered Ponderosa's general business concern of construction and sale of condominiums. Neither does the record permit evaluation of the remaining factors of the source of Montgomery's wages and the degree of supervision exercised by Ponderosa over the details of Montgomery's work.

The papers submitted in support of the motion for summary judgment did not exhibit Ponderosa's direct control over Montgomery's activities as a matter of law and thus did not demonstrate an employer-employee relationship which would limit her common law action.

Great care should be exercised in granting summary judgment. Mullis v. Nevada National Bank, 98 Nev. 510, 654 P.2d 533 (1982). Summary judgment is appropriate where the pleadings and papers on file show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. NRCP 56. In the absence of a clearly established NIIA defense, summary judgment must be denied. Leslie v. J. A. Tiberti Constr., 99 Nev. 494, 664 P.2d 963 (1983); Weaver v. Shell Oil Co., 91 Nev. 324, 328, 535 P.2d 787 (1975).

A determination on summary judgment that, as a matter of law, Montgomery was Ponderosa's employee was inappropriate. Accordingly, the order granting summary judgment is reversed and the case is remanded to the district court.