CLARK COUNTY, NEVADA, APPELLANT, v. STATE INDUSTRIAL INSURANCE SYSTEM, RESPONDENT.

No. 16381

September 4, 1986                                724 P.2d 201

*Robert Miller,* District Attorney; *James L. Taylor,* Deputy District Attorney; and *E. Lee Thomson,* Deputy District Attorney, Clark County, for Appellant.

*Pamela M. Bugge,* General Counsel, Carson City, and *Robert G. Giunta,* Las Vegas, for Respondent.

---

[3]The Honorable Jerry Carr Whitehead, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of CHIEF JUSTICE JOHN MOWBRAY, who voluntarily disqualified himself. Nev. Const., art. 6 § 4.

[4]The Honorable Lester Berkson, Judge of the Ninth Judicial District Court, was designated by the Governor to sit in place of JUSTICE CHARLES E. SPRINGER, who voluntarily disqualified himself. Nev. Const., art. 6 § 4.

354

## OPINION

*Per Curiam:*

The issue presented is whether court reporters are properly categorized as "employees" of appellant, Clark County. We hold that they are not, and therefore reverse the district court decision requiring the payment of SIIS premiums by the County.

NRS 616.055 defines employee as "every person in the service of an employer under any appointment or contract of hire or apprenticeship. . . ." Although this definition is to be construed broadly in order to effectuate the legislative purpose of assuring SIIS benefits, *see, e.g.,* Antonini v. Hanna Industries, 94 Nev. 12, 573 P.2d 1184 (1978), we have recognized that "the protection is by no means absolute. There is some limit to its coverage." Meers v. Haughton Elevator, 101 Nev. 283, 701 P.2d 1006 (1985). The initial determination is whether an employer-employee relation exists. *Id.*

In determining whether an employer-employee relation exists, the courts will give substantially equal weight to several different factors: (1) the degree of supervision; (2) the source of wages; (3) the existence of a right to hire and fire; (4) the right to control the hours and location of employment; and (5) the extent to which the workers' activities further the general business concerns of the alleged employer. Whitley v. Jake's Crane & Rigging, Inc., 95 Nev. 819, 821, 603 P.2d 689, 690 (1979). *See also* Montgomery v. Ponderosa Constr., 101 Nev. 416, 705 P.2d 652 (1985). A review of these factors as they apply to court reporters reveals that the County cannot be considered the statutory employer for purposes of SIIS coverage.

The County has no authority to supervise court reporters. The Nevada Constitution grants the power to supervise and administer the court system to the judiciary. Nev. Const. art. 6, § 1; art. 6, § 19. The inability of the alleged employer to control the activities of the claimant is highly persuasive in determining whether an employer-employee relationship exists. *Montgomery,* 101 Nev. 416, 705 P.2d 652 (1985). *See also* Kuehn v. State, 271 N.W.2d

308 (Minn. 1978); Matter of Compensation of Hunter, 635 P.2d 1371 (Or.App. 1981).[1] Although court reporter fees are paid in part by the County, the County has no authority to set the wages of court reporters. NRS 3.370. The County has absolutely no authority over the hiring and firing of court reporters. They are appointed by the judges and serve at the pleasure of the appointing judge. NRS 3.320(1). The County does not control the hours or location of the reporters' employment. Court reporters must be available for work at hours set by the appointing judge. NRS 3.320(2); 3.340. However, the reporters are free to accept outside work that does not conflict with their court duties. Court reporters do not directly further the general business concerns of the County. The direct benefit of court reporters' services accrues to the district courts, which are part of the state judiciary system. *Accord, see Hunter,* 635 P.2d at 1373. We conclude that court reporters are not County "employees" within the definition of NRS 616.055.[2] NRS 616.085 does not operate to alter this result where it is determined that the County is not the statutory employer.[3] *See Meers,* 101 Nev. 283, 701 P.2d 1006 (1985).

Because Clark County is not the statutory employer, the appeals officer incorrectly ordered payment of SIIS benefits by Clark County. The order of the district court is therefore reversed.

---

[1]Both *Kuehn* and *Hunter* held that, for purposes of determining liability for workmen's compensation, court reporters could not be considered county employees.

[2]We express no opinion as to whether court reporters are State employees under that statute.

[3]NRS 616.085 provides, in part, that "[s]ubcontractors and their employees shall be deemed to be employees of the principal contractor."