STATE INDUSTRIAL INSURANCE SYSTEM, Appellant,
v. E G & G SPECIAL PROJECTS and JERRY COL-
LIER LANE, Respondents.

No. 17599

June 25, 1987                                    738 P.2d 1311

*Pamela Bugge,* General Counsel, Carson City, and *Virginia L. Hunt,* Associate General Counsel, Las Vegas, for Appellant.

*Jerry Collier Lane,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Respondent Jerry Collier Lane is a Las Vegas attorney who specializes in workmen's compensation matters. He was employed full-time by the Gibbons Company, but also had time to represent about five outside clients in workmen's compensation matters on evenings and weekends. His regular employer, Gibbons, gave him permission to make daytime court appearances on

behalf of these clients. One of these clients was E G & G Special Projects.

On January 31, 1985, Lane was on his way to E G & G's offices at about 8:30 in the morning when he slipped and fell in the parking lot. He broke his right arm and may have also injured his shoulder. It is not disputed that Lane was employed by E G & G when the accident took place. The only dispute is whether Lane should be considered a statutory employee for purposes of the Nevada Industrial Insurance Act (NIIA). NRS 616.010-616.680.

E G & G filed an industrial insurance claim form for Lane's accident, although Lane had not previously been listed as a covered employee. The SIIS denied the claim on the ground that no employer/employee relationship existed at the time of the accident. The hearing officer reversed this determination, finding that there was an employer/employee relationship. The SIIS appealed and the appeals officer reversed, concluding that E G & G was not Lane's statutory employer at the time of the accident.

Lane then filed a petition for judicial review. The district court disagreed with the appeals officer and reversed again, holding that Lane was a statutory employee, whether or not he was considered an independent contractor, and that the policy of the NIIA was to provide coverage for all workers. The SIIS now appeals. We hold that Lane cannot be considered a statutory employee of E G & G Special Projects for industrial insurance purposes. Consequently, we reverse the district court and reinstate the decision of the appeals officer.

Workmen's compensation statutes in Nevada are "uniquely different" from those in other states in that they provide coverage for independent contractors and subcontractors. Noland v. Westinghouse Elec. Corp., 97 Nev. 268, 628 P.2d 1123 (1981); NRS 616.085, 616.115. The elimination of these traditional distinctions has made it difficult in certain situations to determine when an employer/employee relationship exists for purposes of industrial insurance coverage. This court generally employs a five part test to decide this issue. Clark County v. SIIS, 102 Nev. 353, 724 P.2d 201 (1986). The test focuses primarily on the amount of control exercised by the employer and whether the employee's work can be considered the "normal" work of the employer. Whitley v. Jake's Crane & Rigging, Inc., 95 Nev. 819, 603 P.2d 689 (1979).

> In determining whether an employer-employee relation exists, the courts will give substantially equal weight to several different factors: (1) the degree of supervision; (2) the source of wages; (3) the existence of a right to hire and fire; (4) the right to control the hours and location of

employment; and (5) the extent to which the workers' activities further the general business concerns of the alleged employer.

*Clark County,* 102 Nev. at 354, 724 P.2d at 202.

The appeals officer applied this test and concluded Lane was not an employee, primarily because the nature of Lane's work was not within E G & G Special Projects' "general business concerns,"[1] and because E G & G did not supervise Lane's work. The district court ruled otherwise, based on Lane's technical statutory arguments.

Lane's statutory argument can be distilled to the simple premise that *all* employees are covered under the NIIA, unless expressly excluded. NRS 616.060 states that certain persons—domestic and agricultural workers, some musicians, ski patrol members and certain religious professionals—are expressly excluded. The statute also excludes "[a]ny person whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer." NRS 616.060(1). "Casual" is defined in NRS 616.030 as "employments where the work contemplated is to be completed in 20 working days . . . and where the total labor costs of the work is less than $500."

Lane and the SIIS agree that he was not a casual employee within the meaning of the statute. Lane's bills to E G & G were in excess of $500, and his employment was not contemplated to be completed within 20 days as it was on an ongoing basis. However, it does not necessarily follow that Lane was a covered employee just because he was not expressly excluded by the statute.

We have stated that the coverage afforded by the legislature to independent contractors and subcontractors is not absolute. Meers v. Haughton Elevator, 101 Nev. 283, 285, 701 P.2d 1006, 1007 (1985). We also noted there is some limit to coverage, but did not define it. We said, outside the construction field, the determination of which independent contractors and subcontractors are employees is of great importance. *Id.*

In *Clark County, supra,* we held court reporters are not statutory employees of the county, using the five factor test cited above. We stated that the county cannot be the court reporters' statutory employer because the judiciary, not the county, controls court reporters' jobs. *Id.* Further, court reporters do not further the general business of the county, but of the district court, a part of the state judiciary. We held that NRS 616.085, which provides that subcontractors are deemed to be employees of the principal

---

[1] E G & G is an electronics firm specializing in government defense contracts.

contractor, does not alter this result where the county is not the statutory employer. *Id.*

Similarly, an attorney should not be considered the statutory employee of each of his occasional clients because clients generally do not control the hours the attorney works or the attorney's performance. In the case at bar, Lane's work cannot be said to further his employer's general work, electronics, because Lane's work was limited to contested industrial insurance claims. Lane contends that because E G & G's parent company had a staff of attorneys who did some industrial insurance defense, industrial insurance defense is part of E G & G's normal work. However, this line of reasoning would lead to the conclusion that all firms large enough to retain attorneys are in the "law business," so to speak, and all attorneys employed by such a company must then be considered statutory employees.

Because Lane was performing professional services for one of his occasional clients, he is not entitled to workmen's compensation coverage as an employee of that client. If he were, then each of his "moonlighting" clients would become a statutory employer during whatever time he was able to devote to them.

Traditionally, attorneys in general practice have been excluded from industrial insurance coverage unless they elected to carry it for themselves. *See* Larson, *Workmen's Compensation Law,* § 45.32 (1986). The rule is different if the attorney is on a large retainer from a single client.[2] *Id.; see also* Industrial Commission v. Moynihan, 32 P.2d 802 (Colo. 1934) (attorney on monthly retainer not independent contractor and therefore entitled to workmen's compensation); Egan v. N.Y.S. Joint Legislative Committee, 158 N.Y.S.2d 47 (N.Y.App.Div. 1956) (attorney employed on yearly salary by legislative commission was employee for workmen's compensation); *but see* O'Connor v. New York State Employees Retirement System, 151 N.Y.S.2d 706 (N.Y.App.Div. 1956) (attorney acting as counsel to state departments in proceedings to liquidate certain banks and insurance companies not employee for retirement allowance).

Lane stresses the fact that E G & G is willing to have him considered a covered employee as support for his argument that he should be covered. He also relies on Industrial Commission v. Peck, 69 Nev. 1, 239 P.2d 244 (1952), where this court found coverage for a workman installing flues in a hotel despite the fact the hotel did not list the workman as an employee. (As noted above, Lane was not listed with the SIIS as an employee of E G & G Special Projects until after the accident.) However, this case is different in that there was no question that the workman in *Peck*

---

[2]Thus, Lane would probably be entitled to coverage had he been injured while performing services for Gibbons Co., his principal employer.

was an employee of the hotel. *Id.* at 4, 239 P.2d at 245. Here, the issue of whether Lane is an employee is central to the appeal, and is the only issue in dispute.

It would be quite advantageous for E G & G to elect coverage for Lane after the fact. The increase in the insurance premium would apparently be small, and, of course, E G & G would be immune from a negligence action by Lane if coverage is found. NRS 616.270. Despite E G & G's willingness to cover Lane as an employee, coverage is not appropriate on these facts.

We conclude the district court erred in holding that Lane should receive industrial insurance benefits as a statutory employee of E G & G Special Projects. Therefore, we reverse the decision of the district court, vacate its judgment, and order the district court to reinstate the appeals officer's decision.

GUNDERSON, C. J. and STEFFEN, YOUNG, and MOWBRAY, J.J., concur.