■ JOSEPH R. IAFALLO et al., Doing Business as TOWNE HOUSE, Petitioners, v NEW YORK STATE LIQUOR AUTHORITY, ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: Petitioners commenced this CPLR article 78 proceeding to review respondent's determination, made after a hearing, that petitioners had violated Alcoholic Beverage Control Law § 65 (former [1]). Petitioners' special on-premises liquor license was suspended for a period of 20 days, 10 to be served forthwith and 10 days deferred.

The minor testified at the hearing that on August 17, 1984 she entered the licensed premises with several companions who were all older than 19 years; that her companions were purchasing pitchers of beer; and that she consumed some beer from someone else's glass after she had been on the premises for approximately two hours. She stated that she did not approach the bartender and did not personally purchase any alcoholic beverage. Petitioners conceded that the minor "presented it well". One of the petitioners stated that the estab-

lishment was crowded and understaffed on the night of the incident, and that had it not been for those factors the incident would not have occurred. Under the circumstances, the determination is supported by substantial evidence and must be confirmed *(see, Matter of Beverly Lanes v Rohan,* 11 NY2d 909; *Matter of Silver Grill v State Liq. Auth.,* 56 AD2d 977; *cf., Matter of 4373 Tavern Corp. v New York State Liq. Auth.,* 50 AD2d 855).

Petitioners also contend that the penalty imposed is excessive and so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Stolz v Board of Regents,* 4 AD2d 361; *Matter of Pell v Board of Educ.,* 34 NY2d 222). We disagree. Petitioners' license was suspended for 10 days in 1982 for a prohibited sale to a minor. Since this is petitioners' second such violation, the penalty is not excessive *(see, Matter of Cumberland Farms Food Stores v State Liq. Auth.,* 86 AD2d 742, *lv denied* 56 NY2d 504). (Article 78 proceeding transferred by order of Supreme Court, Erie County, Joslin, J.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.