■ KATHRYN DeLEONARDIS et al., Appellants, v GASTON PAVING COMPANY, INC., Respondent. [706 NYS2d 254] —Spain, J. Appeal from an order of the Supreme Court (Hughes, J.), entered February 17, 1999 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

In January 1997, plaintiff Kathryn DeLeonardis (hereinafter plaintiff) allegedly sustained personal injuries on an asphalt sidewalk installed by defendant in June 1996 at plaintiffs' residence when her foot slipped off the edge of the sidewalk onto

the adjacent lawn, causing her to fall. Plaintiff and her husband, derivatively, commenced this action alleging that the height differential between the sidewalk and lawn constituted a dangerous condition created by defendant's negligence in failing to properly construct the sidewalk. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint relying upon, among other things, the affidavit of an expert who opined that the sidewalk complied with applicable industry regulations and standards. Rejecting plaintiffs' expert proof, Supreme Court granted defendant's motion and dismissed the complaint. Plaintiffs appealed and defendant moved to dismiss the appeal as untimely taken. This Court withheld decision and directed that the motion be decided together with the appeal. Upon review, we conclude that defendant's motion to dismiss the appeal should be denied but the order granting defendant summary judgment should be affirmed.

Initially, defendant contends that the appeal should be dismissed as untimely inasmuch as plaintiffs' notice of appeal, filed May 12, 1999, was not filed within 30 days after they were assertedly served with a copy of Supreme Court's order with written notice of entry on March 10, 1999 (see, CPLR 5513 [a]). While defendant's affidavit of service indicates that a copy of the order with notice of entry was mailed to plaintiffs' counsel on March 10, 1999, creating a presumption that proper service was completed by mailing on that date (see, CPLR 2103 [b] [2]; Strober King Bldg. Supply Ctrs. v Merkley, 266 AD2d 203), plaintiffs sufficiently rebutted the presumption. Plaintiffs' counsel submitted sworn proof demonstrating that their diary of incoming mail maintained in the usual course of business and office practice did not contain any record of the order and notice of entry purportedly mailed on March 10, 1999 (cf., Strober King Bldg. Supply Ctrs. v Merkley, supra; A & B Serv. Sta. v State of New York, 50 AD2d 973, 974, lv denied 39 NY2d 709). It is undisputed that plaintiffs' counsel ultimately received a copy of the order with notice of entry on or about May 10, 1999 and, accordingly, we deem plaintiffs' notice of appeal filed two days later to be timely.

Turning to the merits, we concur with Supreme Court's assessment that the expert proof offered by defendant was sufficient to satisfy its burden of demonstrating that the sidewalk was not negligently constructed and that plaintiffs' opposing proof was insufficient to raise a triable issue of fact with regard to defendant's negligence (see, Zuckerman v City of New York, 49 NY2d 557, 562; Pigliavento v Tyler Equip. Corp., 248 AD2d

840, *lv dismissed and denied* 92 NY2d 868; *Wolfson v Nevele Hotel*, 222 AD2d 881; *cf.*, *Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845). The gravamen of plaintiffs' claim is that defendant was negligent when it paved the subject sidewalk in failing to fill and grade the lawn landscaping adjacent to the sidewalk so as to minimize or eliminate the height differential between the sidewalk and the lawn. On its summary judgment motion, defendant submitted the affidavit of its engineer expert who inspected the subject sidewalk, concluding that it was not negligently constructed and that the 3½ to 4-inch height differential complied with applicable State and local standards, codes and industry practice governing residential paving installation.

In opposition to defendant's motion, plaintiffs relied primarily upon the expert affidavit of a civil engineer who opined that the height differential between the sidewalk and lawn, estimated by plaintiffs to be 5 to 5½ inches, violated certain State codes and industry guidelines which he opined required that sidewalks be constructed flush with any adjoining lawn. In rejecting the affidavit, Supreme Court correctly noted that the expert's opinion was "largely irrelevant" because the State regulations cited in support thereof—requiring sidewalks and other paved areas to be "maintained to afford safe and convenient passage"—pertained to the exterior maintenance of property, which was plaintiffs' obligation as the owners, rather than to the construction of sidewalks, which was defendant's undertaking (9 NYCRR 1244.1, 1245.1 [State Uniform Fire Prevention and Building Code]).

Further, neither the Federal government's recommended housing guidelines nor the excerpted architectural graphics on which plaintiffs' expert relied substantiated his conclusory opinion that an asphalt paver is obligated to regrade adjacent landscaping or that a 5 to 5½-inch sidewalk-to-lawn height differential constitutes a defect in construction. Also, plaintiffs failed to offer any proof to controvert defendant's proof that plaintiffs only hired defendant to pave the existing driveway and sidewalk. Indeed, plaintiff's husband testified that he understood at all times that grading and filling in the lawn and landscaping adjacent to the new sidewalk was not part of the paving work but, rather, was plaintiffs' responsibility although plaintiffs never undertook such work. As Supreme Court observed, the ground on either side of the asphalt sidewalk lies at different levels and dips on the side where plaintiff fell and, thus, constructing a sidewalk flush with the adjacent lawn would have required extensive landscaping. An-

other unexplained factor undermining plaintiffs' expert's unsupported safety assertions was his complete failure, upon inspecting the property in 1996 prior to plaintiffs' purchase, to note any safety concerns or defects with respect to the height differentials in the existing sidewalks on the property.

In view of the foregoing, we agree that plaintiffs' expert affidavit lacked sufficient probative value to raise a genuine issue of fact and forestall the award of summary judgment to defendant (*see, Zuckerman v City of New York, supra,* at 562; *Pigliavento v Tyler Equip. Corp., supra,* at 842).

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the motion to dismiss appeal is denied. Ordered that the order is affirmed, without costs.