**Carol MORSOVILLO, Plaintiff—Appellant,**

**v.**

**CLARK COUNTY; et. al, Defendants—Appellees.**

**No. 04–15496.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 13, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**18**

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Kimberly M. Rushton, Esq., Thom Gover, AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Defendants.

Peter M. Angulo, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Carol Morsovillo appeals the district court's summary judgment for Clark County in her civil rights action alleging that defendants discriminated against her on the basis of gender. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Clicks Billiards Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001), and we affirm.

Although the evidence established that Morsovillo was hired and paid by Clark County, it also established that Clark County did not supervise Morsovillo, set the hours or location of her employment, or assign tasks to her. Accordingly, the district court properly granted summary judgment for Clark County after determining that it was not a joint employer of Morsovillo. *See EEOC v. Pacific Maritime Association*, 351 F.3d 1270, 1275–76 (9th Cir.2003) (indicating that the heart of the joint employer analysis is whether an entity can hire and fire an employee, can assign tasks to an employee, and supervises the employee's performance.); *see also Clark County v. State Indus. Ins. Sys.*, 102 Nev. 353, 724 P.2d 201, 202 (1986) (indicating that the inability of an alleged employer to control the activities of an alleged employee is highly persuasive in determining whether an employer-employee relationship exists).

Clark County's request for attorney's fees is denied because Morsovillo's appeal was not frivolous. *See Learned v. City of Bellevue*, 860 F.2d 928, 934 (9th Cir.1988).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.