# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARK COUNTY DEPUTY MARSHALS
ASSOCIATION,
Appellant,
vs.
CLARK COUNTY; AND THE LOCAL
GOVERNMENT EMPLOYEE
MANAGEMENT RELATIONS BOARD,
Respondents.

No. 68660

FILED

SEP 07 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY___S.Young___
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order denying a petition for judicial review filed pursuant to the Nevada Administrative Procedures Act. First Judicial District Court, Carson City; James Todd Russell, Judge.

Our initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect. Specifically, it appeared that the August 14, 2015, notice of appeal was untimely filed. *See* NRAP 4(a)(1). We directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. After the parties' responses to the order to show cause raised a factual question as to whether notice was mailed, we remanded this matter to the district court for the limited purpose of resolving the factual question. The district court found that the notice of entry of order was mailed on July 9, 2015.

18-35027

NRAP 4(a)(1) provides that in a civil case, the notice of appeal must be filed "no later than 30 days after the date that written notice of entry of the judgment or order appealed from *is served*." (Emphasis added). And a timely filed notice of appeal is mandatory and jurisdictional. *See* NRAP 3(a)(2) ("[F]ailure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal."). NRAP 26(c) adds 3 days where service is accomplished by mail, and NRAP 25(c)(3) states that "[s]ervice by mail . . . *is complete on mailing* or delivery to the carrier." (Emphasis added).

The district court found that the notice of entry of order was mailed on July 9, 2015. Service was complete upon this mailing, and appellant had 33 days from July 9, 2015, in which to file a notice of appeal and vest this court with jurisdiction. NRAP 26(c) and 25(c)(3). A notice of appeal was filed on August 14, 2015—outside the 33 days. Thus, the notice of appeal was untimely filed and this court lacks jurisdiction to consider this appeal.[1]

While the district court further found that appellant did not receive the written notice of entry of order, the date of receipt is irrelevant as this court has steadfastly recognized that the appeal period under NRAP 4(a)(1) starts from the date the notice of entry of order *is served. See, e.g.,*

---

[1]Although we previously indicated that it appeared this court had jurisdiction over the appeal, *Clark Cty. Deputy Marshals Ass'n v. Clark County*, Docket. No. 68660 (Order Reinstating Briefing, December 7, 2016), further review of the record confirmed the jurisdictional defect. *See Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (recognizing that a jurisdictional challenge "can be raised by the parties at any time, or sua sponte by a court of review" (quotation marks omitted)); *see also* NRAP 27(c)(2) (providing that "[t]he court may review the action of a single justice").

*Healy v. Volkswagenwerk Aktiengesellschaft*, 103 Nev. 329, 331, 741 P.2d 432, 433 (1987); *Walker v. Scully*, 99 Nev. 45, 46, 657 P.2d 94, 94-95 (1983); *cf. Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983) (considering a claim that appellant did not actually receive the notice of entry of judgment and remanding to the district court for a factual finding as to *whether notice was actually mailed*, not whether notice was actually received).

Our conviction to adhere to this bright-line rule is only fortified when we consider its origins and history. When NRAP 4 was adopted, it largely followed the language of the Federal Rules of Appellate Procedure (FRAP) 4, with some notable differences. *See In re Adoption of Supreme Court Rules of Appellate Procedure*, Amended Order Adopting Nevada Rules of Appellate Procedure (March 15, 1973) [hereinafter Order Adopting NRAP]; *see also* 20 James Wm. Moore et al., Moore's Federal Practice § 304App.01 (3d ed. 2018). Whereas FRAP 4 provided that the 30-day appeal period started on the date of *entry* of the judgment or order, *see* Moore et al., § 304App.01, from its inception NRAP 4 has started the appeal period from the date of *service* of written notice of entry of the judgment or order, *see* Order Adopting NRAP. Additionally, FRAP 4 authorized the extension of the 30-day period based upon a showing of excusable neglect, *see* Moore et al., § 304App.01, while the Advisory Committee Note for NRAP 4 indicates that provision was omitted because it was "unnecessary and undesirable under Nevada practice," Order Adopting NRAP.

The current versions of both rules allow for some relief based on specific, enumerated errors. *See* NRAP 4(a)(6) (allowing a premature notice of appeal to be considered timely if written judgment is entered before the matter is dismissed); NRAP 4(e) (providing that a notice of appeal filed

mistakenly with this court will be sent to the district court and considered filed in the district court on the date it was received with this court); *see also* FRAP 4(a)(2) (considering a premature notice of appeal filed on the date of the entry of the judgment or order); FRAP 4(a)(5) (providing for motions to extend the time within which to file an appeal upon a showing of good cause or excusable neglect). But while FRAP 4 has been amended to allow a limited opportunity for relief where the notice of entry of the judgment or order is not received, or is received so late as to impair one's ability to file a timely notice of appeal, there has been no such amendment to NRAP 4. *Compare* Moore et al., § 304App.03 *with* NRAP 4. Thus, there are no provisions in Nevada to excuse the untimely filing of a notice of appeal based on an allegation that the notice of entry of judgment or order was not received.

"[T]he proper and timely filing of a notice of appeal is jurisdictional. Jurisdictional rules go to the very power of this court to act. They must, accordingly, *be clear and absolute* in order to give all fair notice of what is required to bring a matter properly before this court." *Rust v. Clark Cty. School Dist.*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987) (emphasis added) (internal citations omitted); *see also Ross v. Giacomo*, 97 Nev. 550, 553, 635 P.2d 298, 300 (1981) (holding the requirement that a notice of appeal be filed within the proscribed period *"is jurisdictional;* an untimely appeal *may not be considered"* (emphases added)), *abrogated on other grounds by Winston Products Co. v. DeBoer*, 122 Nev. 517, 524, 134 P.3d 726, 731 (2006).[2] Because the notice of appeal was filed outside of the

_____

[2]At this time, we decline the dissent's invitation to reconsider decades of Nevada jurisprudence in light of the United States Supreme Court's

SUPREME COURT
OF
NEVADA

(O) 1947A

4

allotted time after service of the notice of entry of order, we lack jurisdiction to consider this appeal.[3] Accordingly, we

ORDER this appeal DISMISSED.

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. James Todd Russell, District Judge
Lansford W. Levitt, Settlement Judge
Law Office of Daniel Marks
Attorney General/Carson City
Attorney General/Las Vegas
Clark County District Attorney/Civil Division
Kamer Zucker Abbott
Carson City Clerk

---

interpretation of federal jurisdiction in *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. ___, 138 S. Ct. 13 (2017), especially considering that the parties do not ask us to do so.

[3]Given our disposition of this matter, we do not reach the merits of appellant's claims on appeal. As such, it remains an open question as to whether the Washington model can be adopted consistent with our statutory scheme.

CHERRY, J., with whom, DOUGLAS, C.J., and GIBBONS, J., agree dissenting:

*Timeliness of the Clark County Deputy Marshals Association's appeal*

I respectfully dissent because I disagree that where notice of a judgment's entry was mailed but it has been factually determined that the party seeking to appeal did not receive such notice, this court lacks authority to reopen the time to file an appeal. There is no doubt that NRAP 4(a)(1) requires a notice of appeal to be filed within 30 days of service of the notice of entry of judgment, and service is deemed complete on mailing, NRAP 25(c)(3). However, applying these rules as conclusive that notice was actually received places us at odds with other jurisdictions and places an inequitable burden on a party that may seek to appeal but, through no fault of its own, is not served with notice of a final judgment's entry, resulting in forfeiture of the right to appeal.

As the majority notes, though NRAP 4 largely tracks the language of FRAP 4, it differs in that the time to appeal runs from the date of service of notice rather than the date of the judgment's entry, and does not allow for an extension of the time to appeal for excusable neglect or good cause. *Compare* NRAP 4 *with* FRAP 4(a)(5)(A)(ii). The majority ignores that even in jurisdictions where the time to file an appeal begins running from the date of service and service is deemed complete on mailing, an aggrieved party's appeal time does not begin to run where the party can prove that notice was not received. *See, e.g., DeLeonardis v. Gaston Paving Co.*, 706 N.Y.S.2d 254, 255 (App. Div. 2000) (holding that notice of appeal was timely even though outside of the statutorily-allotted time when service of notice was not received within time to appeal); *Mullen v. Bratz*, 508 N.W.2d 446, 449 (Wis. Ct. App. 1993) (holding that Wisconsin's statute

 

reading "service is complete upon mailing" is not conclusive but creates a rebuttable presumption that notice was effective). A similar logic is displayed in the two major national legal encyclopedias, recognizing the general legal principle that where notice has been properly mailed and thus service is deemed complete, its receipt is presumed "in the absence of evidence to the contrary." *See* 58 AM. JUR. 2d *Notice* § 38 (2012) (stating that the presumption cannot be given a conclusive effect without violating principles of Due Process, and can be overcome by evidence that notice was never received); 72 C.J.S. *Process* § 108 (2005) (indicating that service of notice by mailing only creates a rebuttable presumption that service was effected).

To treat service as effective upon mailing with no recognition that it is merely a presumption subject to rebuttal would undermine the entire purpose of requiring service, which is to provide notice. This court previously observed in *Matter of Estate of Herrmann*, 100 Nev. 1, 22-24, 677 P.2d 594, 608 (1984), that where the party against whom judgment is entered has actual notice of the entry of judgment "through written documents of record," service of notice in conformance with the formal requirements of NRAP 4(a) may not be necessary. This is because "*the purpose of the rule is satisfied*," *Herrmann*, 100 Nev. at 23, 677 P.2d at 608 (emphasis added), implying that NRAP 4(a)(1) is meant to actually ensure notice to the defeated party.

Instead, the majority wishes to treat the service of notice requirement as a formal practice devoid of content. Requiring service of notice is intended to inform losing parties that their 30-day appeal time has commenced so that they may take action to protect their appeal rights, if they so desire. To simply end all analysis once notice of a judgment's entry

is dropped in the mail severs a procedure designed to effect expeditious service of notice from the purpose of providing actual notice that starts the clock on appeal rights.

Finally, the majority cites precedent stating that the time for filing a notice of appeal is a jurisdictional question and failure to do so within the statutory timeframe deprives us of jurisdiction. *See, e.g., Rust*, 103 Nev. at 688, 747 P.2d at 1382. While the majority observes that this rule is "clear and absolute in order to give all fair notice of what is required to bring a matter properly before the court," *id.*, the rule's clarity did not assist in ensuring notice of what must be done to protect the appellant's ability to appeal. Appellant rightly expected to be served with notice that began its window to appeal, received nothing, and is now prevented from bringing its appeal. Regardless, perhaps the majority would like to revisit this holding in light of the United States Supreme Court's decision in *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. ___, 138 S.Ct. 13 (2017).

In *Hamer*, the Supreme Court clarified that "[i]f a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional, . . . otherwise, the time specification fits within the claim-processing category." *Hamer*, 583 U.S. ___, 138 S.Ct. at 20. Therefore, the time for appeal set forth in FRAP 4(a)(5)(C) is a claim-processing requirement rather than a jurisdictional one. *Id.* at 21. Because NRAP 4 is a court-made rule rather than a statutory one, *In re Adoption of Supreme Court Rules of Appellate Procedure*, Amended Order Adopting Nevada Rules of Appellate Procedure (March 15, 1973), it should similarly be treated as a claims-processing requirement rather than a jurisdictional one. Therefore, while NRAP 4 is a rule that promotes the expeditious processing of appeals

and the interest in finality of judgments, a late filing of a notice of appeal measured from the date when notice of a judgment's entry is mailed should not automatically deprive this court of jurisdiction to hear an appeal. Instead, in the interest of due process, where the party has proven that it has not received such notice, the filing of the appeal should not be deemed late and the appeal period should be reopened.

*This court should affirm the district court's decision on the merits*

Because this court should find the appeal to be timely, it should then affirm the district court's ruling on the merits. This court reviews an administrative agency's decision for clear error or an abuse of discretion, and gives considerable deference to the rulings of the Employee Management Relations Board. *Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013); *Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 334, 302 P.3d 1108, 1112 (2013). The agency's decision will only be overturned if its findings are not supported by substantial evidence. *Elizondo*, 129 Nev. at 784, 312 P.3d at 482.

The Clark County Deputy Marshals Association (CCDMA) sought to collectively bargain with Clark County in 2010 and 2011. Clark County conditionally recognized CCDMA as the employee bargaining representative for the deputy marshals of the Eighth Judicial District Court, but rescinded that recognition because the Eighth Judicial District Court retained supervision and control over the deputy marshals, raising the question of who employed the deputy marshals. CCDMA filed a complaint with the Employee Management Relations Board (EMRB) over Clark County's refusal to bargain, alleging a violation of NRS 288.270(1)(e).

The EMRB held a three-day hearing to determine whether the deputy marshals were employees of Clark County for the purposes of collective bargaining. It concluded that, although the deputy marshals are

paid by the County, its finding that all other aspects of their employment are controlled by the Eighth Judicial District Court indicated that the deputy marshals were not employees of Clark County.

CCDMA then petitioned the First Judicial District Court for judicial review of the EMRB's decision. The First Judicial District Court received briefing and heard arguments, but ultimately denied CCDMA's petition, finding substantial evidence supported the EMRB's decision.

The EMRB found that control over the work of both administrative and judicial marshals is entirely controlled by the court and its staff, and it is the court that has the power to discipline and terminate employment. It further found that all of the statutory obligations of the deputy marshals under NRS 3.310(3) are to the benefit of the court, rather than the county or another branch of government. While the deputy marshals are paid by the county and processed through the county when hired, the EMRB determined that these are services the county has agreed to provide to the court. It found that the sole factor in favor of the marshals being employees of the county was the fact that the county pays their salaries.

NRS 288.270(1)(e) prohibits local government employers from refusing to collectively bargain with local government employees. A local government employer is a "political subdivision of this State or any public or quasi-public corporation organized under the laws of this State." NRS 288.060.

> In determining whether an employer-employee relation exists, the courts will give substantially equal weight to several different factors: (1) the degree of supervision; (2) the source of wages; (3) the existence of a right to hire and fire; (4) the right to control the hours and location of employment;

> and (5) the extent to which the workers' activities further the general business concerns of the alleged employer.

*Clark Cty. v. State Indus. Ins. Sys.*, 102 Nev. 353, 354, 724 P.2d 201, 202 (1986).

Here, the EMRB concluded that all supervision of the marshals and control of the "manner and method in which the deputy marshals perform their duties" rests exclusively with the court. The Board further concluded that the court held the power to discipline and discharge marshals, and that the marshals' employment was entirely to the benefit of the court. All of these conclusions were supported by testimony presented to the EMRB. Therefore, the EMRB did not abuse its discretion in concluding that the other factors outweighed the County paying the marshals' salary in determining that Clark County is not the deputy marshals' employer. Furthermore, while the NRS may not name district courts as employers for the purposes of collective bargaining, NRS 288.060 (defining local government employers as political subdivisions), this does not alter the determination that, under *State Industrial Insurance System*'s employer-employee relationship test, the marshals are not employees of the County. 102 Nev. at 354, 724 P.2d at 202.

Finally, CCDMA also urged the EMRB, and now this court, to adopt the Washington model, in which employees of the judicial branch are permitted to collectively bargain with the counties over those subjects within the counties' control, while refraining from collectively bargaining over those subject within the judiciary's control. *See generally Zylstra v. Piva*, 539 P.2d 823 (Wa. 1975). Neither this court nor the legislature have adopted this model of collective bargaining. NRS 288.150(2) lists the subjects of mandatory collective bargaining, including both salary

(determined by the county in this case) and discharge and disciplinary procedures (determined by the judiciary in this case), without any mention of the ability of an employer to limit the subjects of mandatory bargaining. The statutory language does not require or suggest the appropriateness of the Washington model. In the absence of any indication that such a bargaining scheme is called for, "[w]e are loathe to commit the board, which has been charged with the duty to administer the act regulating public employee collective bargaining in this state, to any particular policy course not clearly dictated by the terms of the statute itself." *Emp. Mgmt. Relations Bd. v. Gen. Sales Drivers, Delivery Drivers and Helpers, Teamsters Local Union No. 14*, 98 Nev. 94, 98, 641 P.2d 478, 480 (1982).

The language of NRS Chapter 288 itself suggests that the severance of mandatory subjects is inappropriate. NRS Chapter 288 grants bargaining rights to local government employees, defined as "any person employed by a local government employer." NRS 288.050. By the terms of the Chapter, once it is determined that the parties in question are not local government employees, as happened here, there is no need for further analysis as to which subjects require bargaining. I, therefore, dissent from my colleagues and conclude that this court should have deemed CCDMA's appeal as timely and affirmed the district court's decision on the merits.

_____, J.
Cherry

We concur:

_____, C.J.
Douglas

_____, J.
Gibbons